In The United States District Court
For The Western District of Pennsylvania

Bryan Kerwin                : case # 05-93 ERIE
                            :
vs                          : Magistrate Judge Susan Baxter
                            :
Lt. William McConnell       : District Judge Sean McLaughlin

<u>Objections to Magistrate's Order
Dismissing Plaintiff's Third Motion
For Summary Judgement as Premature</u>

<u>Procedural History</u>

On March 22, 2005 plaintiff filed the above civil action in this court. (Docket entry #1) On April 21, 2005 the defendant in this case was served with the complaint. (Docket entry #11) Then, on April 26, 2005, plaintiff served the defendant and filed with this court a motion for summary judgement with a brief in support thereof along with a statement of undisputed facts. (Docket entry #'s 6 and 7)

On May 3, 2005 Judge Susan Paradise Baxter dismissed the motion for summary judgement as premature because she claimed that the defendant had not yet been served with plaintiff's complaint. (Docket entry #9) Because this factual conclusion was incorrect, as the defendant had been served with the complaint 5 days prior to being served with the summary judgement paperwork,

plaintiff filed objections to Judge Baxter's order and included documentary evidence proving that the defendant was served with the complaint prior to being served with the summary judgement paperwork. (Docket entry #10) However, this court ignored plaintiff's objections and upheld Judge Baxter's order nonetheless. (Docket entry #10)

On June 3, 2005 plaintiff refiled and reserved his summary judgement paperwork but this time plaintiff submitted the paperwork in a double page photocopy format as opposed to the single page format he submitted the first time. (Docket entry #'s 12 and 13) This time Judge Baxter entered an order instructing plaintiff to refile his paperwork in the proper format within 30 days of the date of that order or face the dismissal of his entire civil action for failure to prosecute. (Docket entry #14)

Soon after, plaintiff complied with the court's order and resubmitted his paperwork in the proper format to avoid the dismissal of his civil action. (Docket entry #'s 16, 17 and 18) Then on July 28, 2005 Judge Baxter dismissed the motion for summary judgement as premature again despite the fact she had just ordered plaintiff to refile the motion or face the dismissal of his civil action. (Docket entry #20)

Notably, the defendant in this case did not file an answer or responsive pleading to plaintiff's complaint within the 60 day time limit and has since successfully obtained 2 additional 30 day extensions

in which to respond to the complaint. (Docket entry #'s 15 and 19) He has also refused to respond to any of the 3 motions for summary judgement filed by plaintiff nor request any extensions of time in which to answer them. Plaintiff now files the underlying objections to Judge Baxter's order dismissing his 3rd motion for summary judgement as premature.

Argument

  Rule 56(a) of the Federal Rules of Civil Procedure states:

  a party seeking to recover upon a claim, counter-claim a cross claim or to obtain a declaratory judgement, may at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgement by the adverse party, move with or without supporting affidavits for a summary judgement in the party's favor upon all or any part thereof.

  See also, D & D Fire Sprinklers Inc. vs Bradshaw, 136 F3d 587, 598 (9th Cir. 1998) (Federal Rule of Civil Procedure 56(a) allows a motion for summary judgement to be made at any time more than 20 days after the commencement of the action.)

  When a civil action is actually commenced is governed by Rule 3 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 3 states:

  a civil action is commenced by filing a complaint with the court.

  See also, Howell by Goerdt vs Tribune Entertainment

Co., 106 F3d 215, 217 (7th Cir 1997) (In the federal judicial system a party becomes a defendant not when he is served but when the complaint naming him is filed. That is when the suit against him is commenced.)

All 3 motions for summary judgement and all 3 statements of undisputed facts were served on the defendant subsequent to 20 days after the commencement of the action and subsequent to the serving of the complaint. Therefore, not one of these motions were filed prematurely.

Furthermore, the fact that the defendant has not yet filed an answer or responsive pleading to plaintiff's complaint is irrelevant. The 1946 amendment to Fed. R. Civ. P. 56(a) clearly states: The previous rule that prevented litigants from filing motions for summary judgement until a formal answer to the complaint has been filed has been abolished. This amendment to Rule 56(a) has been the law for the last 60 years so plaintiff does not understand why Judge Baxter keeps dismissing his motions for summary judgement as premature.

The defendant has failed to answer plaintiff's motions for summary judgement and his statements of undisputed facts on all 3 occasions. Also, at no time did the defendant request an extension of time in which to answer any of these motions or allege that he requires specific discovery needed to oppose them. As a result, under Local Rules of Court 7.6 and 7.8 the

defendant was deemed to not oppose the motions for summary judgement and the statement of undisputed facts were deemed admitted in all 3 instances.

However, now that Judge Baxter has dismissed the motions the defendant is no longer deemed to not oppose the motion for summary judgement and the statement of undisputed facts is no longer deemed admitted as the defendant will have yet a 4th opportunity to respond to them. This result greatly prejudices plaintiff.

If this court does not yet wish to rule on plaintiff's motion for summary judgement then that is well within its discretion. However, it does not have discretion to dismiss the motion as premature because the Federal Rules of Civil Procedure determines when a motion is permitted to be filed and plaintiff's motion was filed in complete accordance with these rules.

Therefore, plaintiff's motion for summary judgement and statement of undisputed facts should be reinstated and both motions should be deemed unopposed and admitted in accordance with Local Rules of Court 7.6 and 7.8 since the defendant has failed to file a response to them on 3 seperate occasions.

8/2/05                                                                  Bryan Kerwin

In The United States District Court
For The Western District of Pennsylvania

Bryan Kerwin                    : case # 05-93 ERIE
                                :
vs.                             : Magistrate Judge Susan Baxter
                                :
Lt. William McConnell           : District Judge Sean McLaughlin

## Certificate of Service

I hereby declare that I mailed a true and correct copy of the attached Objections to the Magistrate Judge's Order Dismissing Plaintiff's Third Motion For Summary Judgement as Premature to the following party at the following adress:

Kemal Alexander Mericli
Office of Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, P.A. 15219

8/2/05                                           Bryan Kerwin