IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )   Civil Action No.  05-93 Erie
                                      )
WILLIAM McCONNELL,                    )
                                      )
                Defendant.            )

## DEFENDANT'S ANSWER TO COMPLAINT

AND NOW, comes the defendant, by his attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and files the following answer to plaintiff's complaint:

## FIRST DEFENSE

Defendant responds to plaintiff's factual allegations as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Denied.

6.    Admitted.

7.    Denied.  It was later determined following an investigation that he lied.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Denied.  Whatever he is saying now he told Lt. McConnell what the lieutenant represents that he said to him.

12.    Denied as stated.  Plaintiff sought to call the "witness (defendant) claims did not support my version of any relevant events."

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Denied as stated.  Plaintiff pleaded guilty or specifically did not contest the charges.

17.    Admitted.

18.    Denied. The "paperwork," so to speak, shows that plaintiff did not properly exhaust any of the pertinent grievances.  The PLRA bars review of these claims.

19.    Denied.

20.    Denied.  He suffered no actionable harm.

21.    Denied.  He has not basis for trial on his complaint.

22.    Denied.  They were duly exacted.

23.    Denied.  The plaintiff is acting pro se.

24.     Denied.  He has no entitlement to any relief.

## SECOND DEFENSE

The claims presented in this complaint are barred from judicial consideration by the exhaustion requirements of the Prison Litigation Reform Act.

## THIRD DEFENSE

Qualified immunity applies to bar recovery of money damages.

## FOURTH DEFENSE

None of plaintiff's federal constitutional rights were violated by the conduct at issue.

## FIFTH DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SIXTH DEFENSE

Plaintiff's own actions were the cause at law and in fact of any injury.

## SEVENTH DEFENSE

Plaintiff has no suffered physical injury.

WHEREFORE, it is respectfully requested that judgment be entered on behalf of the defendant and against plaintiff.

                              Respectfully submitted,

                              **THOMAS W. CORBETT, JR.**
                              **Attorney General**


              By:     s/Kemal Alexander Mericli
                      Kemal Alexander Mericli
                      Senior Deputy Attorney General
                      Attorney I.D. No. 27703

                      Susan J. Forney
                      Chief Deputy Attorney General
                      Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date: August 29, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within Defendant's Answer to

Complaint was served upon the following via first-class mail on August 29, 2005.


Ryan Kerwin, DZ-0246
State Correctional Institution
  at Albion
10745 Route 18
Albion, PA 16475



<u>s/Kemal Alexander Mericli</u>
Kemal Alexander Mericli
Senior Deputy Attorney General


OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: August 29, 2005