IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-93 Erie |
| | ) |
| WILLIAM McCONNELL, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT**

AND NOW, comes the defendant, by his attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully requests herein that the entry of default judgment against him be set aside for the following reasons:

1. Lieutenant McConnell is not personally at fault; undersigned counsel lost track of the due date for filing the answer, having somehow inexplicably failed to calendar it, either electronically or on paper.

2. An answer was only due pursuant to a second thirty day extension of time on August 18, 2005. However, due to bureaucratic delays in receiving the waiver of service form (only gotten on May 26), defense counsel had only approximately three weeks (from May 27, 2005 to June 20, 2005) to initially answer the complaint pursuant to the waiver, instead of the requisite 60 days. Nevertheless, defendant still duly waived service as generally directed by the

district court instead of exacting service but, given the usual need to assemble the necessary documents required to answer a complaint, the need for a further extension became more than somewhat likely. One was thereafter sought on or about June 22, 2005, following by yet another one on July 18, 2005, which was granted until August 18, 2005.

3. Counsel is trying to come to grips with the redistributed caseloads of two longtime former colleagues (Mr. Eddy and Mr. Englesberg) who have recently left the litigation section of the Office of Attorney General to pursue other professional opportunities or retirement having done so only within the last 2 ½ months. Counsel and a reduced office staff are dealing with the requirements of the newly instituted ECF system. These are not excuses, but they are explanations for how such an obtuse oversight occurred under the circumstances.

4. Entry of default is legally disfavored.

5. This case presents an issue of substantial public importance whether a prison inmate suffered official retaliation for exercising his right of access to the courts.

6. The default is largely technical here where plaintiff waited only a week before snapping it without any prior notice to the defense. (By contrast Pennsylvania state practice requires a ten day notice.)

7. Plaintiff would not be materially prejudiced if it were set aside, rather he would enjoy an unjustified windfall. "Prejudice" here does not mean a delay in obtaining satisfaction but the enhanced potential for loss of evidence or the degree of substantial reliance on the default. Seven days cannot implicate this.

8. There are serious quasi-jurisdictional problem with plaintiff's claims under the PLRA. He did not exhaust available administrative remedies in either instances; both

times he procedurally defaulted according to the attachments to the complaint.  He did not suffer any compensable "physical injury."  These are thus comprehensive meritorious defenses.

        9.    Lt. McConnell strongly denies the allegations.  He stands behind his investigation that plaintiff fabricated the allegations of his grievance.

        10.    As to the second instance of alleged retaliatory misconduct, the plaintiff admitted he did the acts at issue and pleaded guilty at the prison misconduct hearing before the hearing examiner.  There can be no retaliation for admitted acts of prisoner misconduct.

        11.    Cell restriction does not implicate the <u>Sandin</u> test for due process coverage and even if the misconducts were false the misconduct hearing is all the process he was due.

        12.    Defendant has simultaneously filed an answer to the complaint.

WHEREFORE, it is respectfully requested that the entry of default be set aside.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:    <u>s/Kemal Alexander Mericli</u>
Kemal Alexander Mericli
Senior Deputy Attorney General
Attorney I.D. No. 27703

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: August 29, 2005

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendant's Motion to Set Aside Entry of Default Judgment was served upon the following via first-class mail on August 29, 2005.

Ryan Kerwin, DZ-0246
State Correctional Institution
 at Albion
10745 Route 18
Albion, PA 16475

                                        s/Kemal Alexander Mericli
                                        Kemal Alexander Mericli
                                        Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: August 29, 2005