IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-93 Erie |
| | ) |
| WILLIAM McCONNELL, | ) |
| | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF**
**MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT**

This is a brief in support of motion to set aside entry of default judgment against the defendant.

**I. STATEMENT OF THE CASE**

Plaintiff's complaint was treated as filed on April 5, 2005. Waivers of service were not received for execution until on or about May 16, 2005, although by their terms an answer became due on June 20, 2005. Extensions of time were granted until August 18, 2005 but through counsel's oversight in calendaring the matter no responsive pleading was timely filed prior to plaintiff moving for default. Meanwhile plaintiff had 3 motions for summary judgment dismissed as premature. Plaintiff moved to enter default on August 25, 2005.

## II. ARGUMENT

**A. BECAUSE DEFAULT IS DISFAVORED, DEFENDANT HAS MERITORIOUS DEFENSES AND PLAINTIFF HAS NOT SUFFERED ACTIONABLE PREJUDICE, THE DEFAULT SHOULD BE SET ASIDE.**

Entry of default is disfavored in federal court as a final disposition. Dolan v. Pearce, 1998 WL 252114 (E.D.Pa.). It rests in the court's discretion. Id. The court must be guided in this respect by consideration of whether the case presents issues of public importance, whether the default is technical or the result of culpable neglect, if plaintiff would suffer cognizable prejudice and the harshness of a default under the circumstances.

The law disfavors default with any doubt being resolved against entry of default. Medunic v. Ledener, 533 F.2d 891, 893-894 (3d Cir. 1976).

This case is of public importance because it presents the issue of whether a prisoner was the victim of retaliation for exercising his right of access to the courts.

Prejudice to the plaintiff does not mean the simple delay in achieving satisfaction but rather the loss of evidence and enhanced potential for fraud due to the passage of time or the fact that the passage of time would have induced substantial reliance by the plaintiff on the default. Harald v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). The seven day period here does not substantiate the likelihood of such consequences.

Meritorious defenses exist to the claims of retaliatory misconducts. According, to the attachments to his complaint, his claims overall are barred for consideration on their merits by this Court under the PLRA by the lack of exhaustion and/or procedural default of

administrative remedies on his part.  Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).  As to the second instance of retaliatory misconduct itself, plaintiff admits he did the acts at issue and pleaded guilty to having done them at the misconduct hearing.  Nor has either misconduct been reversed. Therefore, a claim of retaliation is untenable. Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002) (no retaliatory misconduct claim if misconduct not reversed and inmate did the acts on which it is based).  Cell restriction, the punishment he suffered, is not an atypical condition of confinement so plaintiff's right to procedural due process cannot have been violated under the Sandin rule.  Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997).  If his claim is having suffered false misconducts then the fact he had prison misconduct hearings afforded him all the process he was due.  Maclean v. Secor, 876 F.Supp. 695 (E.D.Pa. 1995).

       The defendant has answered the complaint.  Defense counsel apologizes for his failings in this case, begs that his clients not suffer for his mistake and notes that unlike the prevailing requirements that obtain in state practice, plaintiff "snapped" the default without offering notice of his intention or availing defendant a chance to avoid it.  Moreover, the case is now on track an answer having been filed.

## **CONCLUSION**

WHEREFORE, it is respectfully requested that the entry of default be set aside.

                Respectfully submitted,

                **THOMAS W. CORBETT, JR.**
                **Attorney General**

      By:    s/Kemal Alexander Mericli
                Kemal Alexander Mericli
                Senior Deputy Attorney General
                Attorney I.D. No. 27703

                Susan J. Forney
                Chief Deputy Attorney General
                Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  September 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Defendant's Motion to Set Aside Entry of Default Judgment was served upon the following via first-class mail on September 8, 2005.

Ryan Kerwin, DZ-0246
State Correctional Institution
 at Albion
10745 Route 18
Albion, PA 16475

                                              s/Kemal Alexander Mericli
                                              Kemal Alexander Mericli
                                              Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: September 8, 2005