In The United States District Court
For The Western District of Pennsylvania

Bryan Kerwin                              : case # 05-93 ERIE
                                          :
    vs.                                   : Magistrate Judge Susan Baxter
                                          :
Lt. William McConnell                     : District Judge Sean McLaughlin

<u>Plaintiff's Reply to the Defendant's
Brief in Support of the Motion to Set aside
The Entry of Default Judgement</u>

<u>Procedural History</u>

On August 29, 2005 the defendant in this case filed a motion to set aside the entry of default judgement entered against him. Plaintiff then responded to that motion on September 6, 2005 by filing a brief in opposition to that motion.

The defendant has just now filed a brief in support of his motion to set aside the entry of default judgement. Although plaintiff's previous brief has already contradicted all of the defendants arguments contained in his motion to set aside the entry of default he files this reply to the defendant's brief in support and asks that the court read it in conjunction with his previously filed brief as it is more of a supplement than an independent argument.

<u>Argument</u>

In the defendant's brief in support he first argues that the opening of the default in question would not result in any type of prejudice to plaintiff and that this factor weighs in favor of opening the default. He then cites <u>Harold vs. Aetna Casualty & Surety Co.</u>, 839 F2d 979, 982 (3rd Cir. 1988) and claims that it states that when assessing the prejudice inquiry it is relevant to consider the "enhanced potential for fraud due to the passage of time or the fact that the passage of time would have induced substantial reliance by the plaintiff on the default."

However, this is a complete and utter misrepresentation of what this case states. This caselaw does not even elaborate on the prejudice prong relevant to the opening of an entry of default and it is completely devoid of the language the defendant contends is contained therein.

The prejudice factor that relates to the opening of an entry of default has already been addressed in plaintiff's brief in opposition to the defendant's motion to set aside the entry of default judgement at (Excuse #7). However, plaintiff will readdress this argument and elaborate further on it to solidify his position on the matter.

Although "delay in and of itself does not constitute prejudice" forcing a party to expend further time and money to collect on a claim as to which there are no meritorious defenses unfairly prejudices plaintiff to some degree. <u>International Painters and Allied Trades</u>

<u>Union and Industry Pension Fund vs H.W. Ellis Painting Co. Inc.</u>, 288 F.Supp.2d 22, 31 (D.D.C. 2003); See, (Exhibit A) (plaintiff is out of money and can no longer afford the stationary, postage or photocopies needed to litigate this suit. He will also suffer in that he is now unable to buy soap, toothpaste, food, etc... and he cannot pay for cable as a result of the amount of money he has already spent litigating this case.)

Furthermore, an absence of prejudice to plaintiff does not in itself entitle defendant to relief from the judgement. The court has discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defense. Id at 31.

See, <u>Commercial Bank of Kuwait vs. Rafidain Bank</u>, 15 F3d 238, 244 (2nd Cir. 1994) (defendant's willful default and the absence of meritorious defense were sufficient to support the district court's default judgement without a consideration of prejudice to plaintiff.) See also, <u>National Credit Union Admin. Bd vs Gray</u>, 1 F3d 262, 265 (4th Cir. 1993) (the prejudice factor is of lesser importance than the others when considering a motion to vacate a default judgement.) See also, <u>Matter of Dierschke</u>, 975 F2d 181 (5th Cir. 1992) (when the court finds an intentional failure to file responsive pleadings, it need not find prejudice to the plaintiff.) See also, <u>Margiliano vs. Heckler</u>, 738 F2d 151, 157 (2nd Cir. 1984) (affirming district court's refusal to set aside default based on willful conduct and lack of meritorious defense alone.)

See also, State Street Bank and Trust Co. vs Inversiones Errazuriz Limitada, 374 F3d 158, 174 (2nd Cir. 2004) certiorari denied at 125 S.Ct. 1309 (court held that it did not need to evaluate whether the vacatur of the default judgement would subject plaintiff to prejudice because it concluded that the defendants failed to establish a meritorious defense; the absence of such a defense is sufficient to support a district court's denial of a motion to open a default.)

The defendant next contends that he has a meritorious defense to plaintiff's civil action. This argument was already fully addressed in plaintiff's brief in opposition to the defendant's motion to set aside the entry of default judgement at (Excuse #8) and it is clear that despite the defendant's contentions here he has no meritorious defense to plaintiff's complaint.

The defendant also attempts to deliberately misrepresent the material facts of the case, a federal caselaw that supposedly supports his position and the cause of action currently at issue. It begins where the defendant claims that plaintiff admits that he was guilty of his second retaliatory misconduct and that he pled guilty to it at his misconduct hearing.

This is completely untrue. Plaintiff pled no-contest to this misconduct due to the fact that although he did have cash slips signed and legal work stapled he contended that such acts did not constitute inmate misconduct as he was given permission to do the acts

in question. (Complaint exhibit K; Plaintiff's Brief in opposition to the Defendant's Motion to Set aside the Entry of Default Judgement at Excuse #10).

See, Black's Law Dictionary, Second Pocket Edition 2001; definition of No Contest; (a defendant's plea that while not admitting guilt, the defendant will not dispute the charge.)

This absurd allegation continues where the defendant states that since neither misconduct was reversed a claim of retaliation is untenable and then deliberately misrepresents the holding in Carter vs Mcgrady, 292 F3d 152 (3rd Cir. 2002) to support this position and claims that it states "no retaliatory misconduct claim if the misconduct is not reversed."

However, nowhere in Carter vs Mcgrady does it state that a retaliatory misconduct claim is untenable if the misconducts are not reversed. The court in that case merely held that the evidence showed that prison officials would have made the same decision to discipline the plaintiff in that case absent the constitutionally protected conduct he alleged resulted in the disciplinary action. Id at 159. In that instance the plaintiff's misconduct was so clear and overt that the court found that the disciplinary action taken against him could not have been retaliatory. Id at 159

In the case at hand, plaintiff was not guilty of any misconduct and the second misconduct at issue was issued the very same day that S.C.I. Albion recieved

CA05-93E

confirmation that plaintiff's lawsuit against S.C.I. Smithfield was served on the defendants. It is also worth noting that this misconduct resulted directly from the fact that plaintiff was on cell restriction for the first retaliatory misconduct and absent that first misconduct there would not have been any basis for issuing the second one for breaking cell restriction.

The defendant next tries to manipulate and twist plaintiff's retaliation claim into a due process claim and uses the United States Supreme Court's holding in Sandin vs Conner to support his position. However, it is clear that Sandin does not preclude a claim that an inmate was punished in retaliation for filing civil rights suits against prison officials or seeking redress of grievances. Allah vs Seiverling, 229 F3d 220, 224 (3rd Cir. 2000). Claims alleging retaliation for the exercise of First Amendment rights survive Sandin. Id at 225.

Furthermore, retaliation may be actionable even when the retaliatory action does not involve a liberty interest. Id at 224. Government actions which standing alone do not violate the constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right. Mitchell vs Horn, 318 F3d 523, 530 (3rd Cir. 2003)

See, Hart vs Hairston, 343 F3d 762, 762 (5th Cir. 2003) (state prison inmate's punishment of 27 days of commissary and cell restriction after he was convicted

in disciplinary proceeding for allegedly knowingly making false statements constituted an "adverse act" for purposes of inmate's retaliation claim under §1983).

Nothing in the defendants brief in support of his motion to set aside the entry of default judgement justifies opening the entry of default in this case and reading plaintiff's brief in opposition to the defendant's motion to set aside the entry of default judgement in conjunction with this one clearly establishes this fact.

Note: The following is to be supplemented and read in conjunction with specific arguments contained in plaintiff's brief in opposition to the defendant's motion to set aside the entry of default judgement.

(Amendment to Excuse #'s 1 and 3)

See, Cohen vs Murphy, 222 F.R.D. 416 (N.D. Cal. 2004) (Defense counsel did not establish that "good cause" existed for his failure to timely file answers, so as to warrant setting aside entry of default, based on counsel's assertion that untimely answers were due to computer system installation which caused loss of his calender, where counsel's explanation of the system error was ambiguous in that it was unclear why the system was not backed up prior to the installation or why no copies of the calender were made.)

(Amendment to Excuse #7)

See, Casio Computer Co. Ltd. vs Noren, 35 Fed. appx 247 (7th Cir 2002) (Pro Se defendant's alleged inability to understand her obligation to either timely file an answer specifically admitting or denying each of plaintiff's allegations or to assert a defense did not rise to level of excusable neglect, and thus district court did not err in denying her relief from a $33.1 million default judgement entered against her, where defendant was given an extension to file her answer, district court warned her that noncompliance would result in a default judgement, and despite staggering amount of money involved, defendant failed to heed this warning.)

Wherefore, plaintiff respectfully requests that this honorable court deny the defendants motion to set aside the entry of default and enter judgement against him and in favor of plaintiff.

9/15/05                                     Bryan Kerwin

In The United States District Court
For The Western District of Pennsylvania

Bryan Kerwin                : Case # 05-93 ERIE
                            :
       vs                   : Magistrate Judge Susan Baxter
                            :
Lt. William McConnell       : District Judge Sean McLaughlin

## Certificate of Service

I hereby declare that I mailed a true and correct copy of the attached Reply to the Defendant's Brief in Support of the Motion to Set aside the Entry of Default Judgement, to the defendant's counsel at the following adress:

Kemal Alexander Mericli
Office of Attorney General
564 Forbes Ave.
Manor Complex
Pittsburgh, P.a. 15219

9/15/05                                      Bryan Kerwin