In The United States District Court
For The Western District of Pennsylvania

Bryan Kerwin                          : case # 05-93 ERIE
                                      :
            vs                        : Judge Susan Baxter
                                      :
Lt. William McConnell                 :

<u>Memorandum of Law in Support of
Plaintiff's Order to Show Cause For a
Preliminary Injunction and a
Temporary Restraining Order</u>

<u>Facts</u>

On February 22, 2005 plaintiff filed the above civil action in this court for being issued 2 misconducts in prison in retaliation for filing a lawsuit and a grievance. One of the allegations in plaintiff's complaint was that these misconducts were and are being used as a reason to deny plaintiff's parole (complaint at 17) and one of the forms of relief requested in the complaint was for both of plaintiff's misconducts to be completely expunged from his prison file. (complaint at 22)

On August 25, 2005 plaintiff had a default judgement entered against the defendants in this case. The defendant then filed a motion to open the entry of default judgement on August 29, 2005 and it is

currently pending before the court.

On October 4, 2005 plaintiff was seen by the parole board and on November 2, 2005 plaintiff recieved a 2 year parole hit to go on top of his previous two 1 year parole hits. Again misconducts were cited as one of the reasons for denying plaintiff's parole. Plaintiff now files this motion for a Temporary Restraining Order and a Preliminary Injunction to have those misconducts expunged from plaintiff's prison file so he can file a petition to have a parole rehearing and be seen by the board without those misconducts being used against him.

Argument

In issuing a preliminary injunction, the district court must consider (a) whether the movant has made a strong showing he is likely to prevail on the merits, (b) whether the movant has shown that, without such relief, he will be ineparably injured, (c) whether grant or denial of the preliminary injunction will substantially harm other parties interested in or affected by proceeding, and (d) where the public interest lies. Executive Bd of Transport as Transport Workers, 338 F3d 166, 170 (3rd Cir. 2003)

First of all, plaintiff has shown more than a strong likelihood of success on the merits in this case, judgement is currently entered in his favor. Unless this judgement is vacated in the future plaintiff is already entitled

to the relief requested in this motion for a T.R.O. and preliminary injunction.

Any further delay in granting plaintiff the relief he requests in this motion will result in continued incarceration that plaintiff would not have otherwise have had to serve had the court ordered his misconducts to be dismissed now rather than later. The dismissal of these misconducts along with other evidence that plaintiff will submit to the board at a parole rehearing will either result in plaintiff being paroled or enable plaintiff to force the parole board to release him via a Habeas Corpus petition.

This immediate relief will have absolutely no adverse effect on the defendant or any other party interested in or affected by this proceeding. The only person this relief will have any effect on is plaintiff. As for the public interest, this relief will have absolutely no effect on them whatsoever and if they were to have an opinion about this proceeding it would be apparent that the public would be in favor of the court not allowing 2 illegal misconducts to unjustifiably keep an individual in prison.

A Temporary Restraining Order is further requested in this motion because every day the court delays in granting this relief is another day plaintiff will have to spend in prison

Wherefore, plaintiff respectfully requests that this honorable court grant him a Temporary Restraining Order and a Preliminary Injunction and order the defendant and all other persons acting in concert or and ~~participating~~ participation with him to expunge misconduct #'s A95879 and A36723 from his prison file.

11/3/05                                                Bryan Kerwin

In The United States District Court
For The Western District of Pennsylvania

Ryan Kerwin                           : case # 05-93 ERIE
                                      :
         vs.                          : Judge Susan Baxter
                                      :
Lt. William McConnell                 :

## Certificate of Service

I hereby declare that I mailed a true and correct copy of the attached Order to Show Cause For a Temporary Restraining Order and a Preliminary Injunction and the Memorandum of Law in Support thereof to the defendant's counsel at the following address:

Kemal Alexander Mericli
Office of Attorney General
Civil Litigation Section
564 Forbes Ave.
Pittsburgh, Pa. 15219

11/3/05                                    Ryan Kerwin