IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN KERWIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-93 Erie |
| | ) | District Judge McLaughlin |
| LT. MCCONNELL, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM ORDER

**PROCEDURAL HISTORY**

On March 22, 2005, Plaintiff, Ryan Kerwin, an inmate, filed this action claiming that Defendant William McConell violated his constitutional rights.

On June 22, 2005, Defendant acting though counsel filed a motion for extension of time in which to file an answer. Document # 15. This Court granted the motion and ordered that Defendant file an answer to Plaintiff's complaint before July 19, 2005. On July 18, 2005, Defendant filed a second motion for extension of time and again this Court granted the motion making the answer due before August 18, 2005.

When no answer was timely filed, on August 25, 2005, Plaintiff requested that the Clerk of Courts enter default against Defendant. Default was entered the same day.

Defendant has now filed an answer and a motion to set aside the default. Documents # 25 and # 26, respectively. Plaintiff has filed a brief in opposition to the motion to set aside. Document # 28.

1

**STANDARD OF REVIEW**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)(pertaining to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, etc.)." Fed.R.Civ.P. 55(c). The decision to set aside a default is therefore within the sole discretion of the district court, upon consideration of four main factors: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable, and (4) the effectiveness of alterative sanctions. Harad v. Aetna Casualty and Surety Co., 839 F.2d 979, 982 ( 3d Cir. 1988); Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). Default judgments are generally disfavored, and doubtful cases are to "be resolved in favor of the party moving to set aside the default ... 'so that cases may be decided on their merits.'" United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), quoting Tozer v. Charles A. Kraus Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). The factors are reviewed individually below.

**ANALYSIS**

*1.     Prejudice*

"[P]rejudice arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim." Cassell v. Philadelphia Maintenance Co., Inc., 198 F.R.D. 97, 69 (E.D. Pa. 2000), citing Momah v. Alvert Einstein Medical Center, 161 F.R.D. 304, 307 (E.D. Pa. 1995) and Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982); Emasco, 834 F.2d at 74.

Case 1:05-cv-00093-SJM    Document 35    Filed 12/07/2005    Page 3 of 5

"Delay in realizing satisfaction rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding." Feliciano, 691 F.2d at 656-57. The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice. Cassell, 198 F.R.D. at 69, quoting Choice Hotels International, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000).

Defendant argues that Plaintiff will not be prejudiced by the setting aside of the default and Plaintiff concedes "that he can not establish, at this time, that opening the default in this case would result in the loss of evidence or impair his ability to pursue his claims." Document # 28, unnumbered page 9.

*2.    Meritorious Defense*

A meritorious defense is presumptively established when the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." Hritz v. Woma Corp., 732 F.2d 1178. 1181 (3d Cir. 1984), quoting Tozer, 189 F.2d at 245. Simple denials or conclusory statements are not sufficient to establish the existence of a meritorious defense. United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

Among other things, Defendants assert a possible defense based on Plaintiff's alleged failure to exhaust administrative remedies in accordance with the Prison Litigation Reform Act. It appears from the complaint that Plaintiff did not properly exhaust and is now procedurally defaulted from doing so. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). Defendants also argue that Plaintiff has failed to state a claim upon which relief may be granted in that his constitutional rights were not violated. These may prove to be meritorious defenses.

3

    3.    *Excusable or Culpable Character of Conduct*

"Culpable" conduct is that which is willful or in bad faith. Cassell, 198 F.R.D. at 69; Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123-24 (3d Cir. 1983). More than mere negligence is required. Cassell, 198 F.R.D. at 69. The party seeking to set aside the entry of default must act with reasonable promptness. See, e.g., Consolidated Masonry and Fireproofing Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir. 1969) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").

In this case, it appears that Defendant's failure to file a timely answer was the result of negligence in not tracking the deadlines within which his responses were due. Within days of the entry of default, Defendant acted with reasonable promptness and filed a motion to set aside the default as well as an answer.

    4.    *Alternative Sanctions*

Finally, the court must consider the effectiveness of alternative sanctions in deciding whether to set aside a default judgment. A default judgment should be a sanction of last resort. Cassell, 198 F.R.D. at 70; Emasco, 834 F.2d at 73.

In this case, alternative sanctions may be effective in deterring Defendant's future tardiness in filing.

Viewed in the light of the preference under the law to avoid default judgments and decide cases on their merits, it appears that other remedies exist for moving this case forward, such that the interests of both parties are justly served. The motion to set aside the default will be granted.

4

Therefore, in accordance with the foregoing,

AND NOW, this 7th day of December, 2005;

IT IS HEREBY ORDERED that the Motion to Set Aside Default [Document # 26] be GRANTED. A Case Management Order will be issued separately.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE