IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN KERWIN,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **C.A. No. 05-93 Erie** |
| | ) | **District Judge McLaughlin** |
| **LT. MCCONNELL, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for a preliminary injunction or temporary restraining order [Document # 33] be denied.

**II.   REPORT**

On March 22, 2005, Plaintiff, Ryan Kerwin, an inmate, filed this action claiming that Defendant William McConell violated his constitutional rights by retaliating against him by issuing misconducts against him. As relief, Plaintiff seeks the expungement of two misconducts and monetary damages.

On August 25, 2005, the Clerk of Courts entered default against Defendant at Plaintiff's request. This Court has now ordered that the default be set aside.

On November 8, 2005, Plaintiff filed a motion for injunctive relief requesting that "this honorable court grant him a temporary restraining order and a preliminary injunction and order the Defendant and all other persons acting in concert and participation with him to expunge misconduct #'s A98579 and A36723 from his prison file" Document # 33.

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the

1

District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, a plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

Plaintiff argues that his continued imprisonment is his irreparable injury and that there is a strong likelihood of success on the merits in that default judgment has already been granted in his favor thereby entitling him to the relief requested. However, in that the default has now been set aside, Plaintiff's argument in this regard is inapposite. In his motion, Plaintiff makes no other argument about his likelihood of success on the merits. Indeed, in the answer, Defendant asserts that Plaintiff has not exhausted his administrative remedies in accordance with the Prison

2

Litigation Reform Act (which would require dismissal of this case).

### III.    CONCLUSION

Accordingly, Plaintiff's motion for preliminary injunction and temporary restraining order [Document # 33] should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: December 8, 2005