IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN KERWIN | ; | CASE NO. 05-93 ERIE |
| | ; | |
| VS. | ; | MAGISTRATE JUDGE SUSAN BAXTER |
| | ; | |
| LT. WILLIAM MCCONNELL | ; | DISTRICT JUDGE SEAN MCLAUGHLIN |

### OBJECTIONS TO MAGISTRATE JUDGE SUSAN BAXTER'S ORDER GRANTING THE DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT

**Procedural History;**

   Plaintiff filed the above civil action in this court on March 22, 2005. The defendant in this case was then served with the complaint on April 21, 2005 making the original answer deadline in this case June 20,2005. On June 26, 2005 plaintiff filed a motion for summary judgement against the defendant to which the defendant failed to respond to. However, the court dismissed the motion as premature because it claimed that the defendant had not yet been served with the complaint despite the fact that the defendant was served with the complaint 5 days prior to plaintiff filing his motion for summary judgement.
   Plaintiff refiled his motion for summary judgement on June 3, 2005 and again the defendant refused to respond to the motion. However, on June 7, 2005 the court ordered plaintiff to refile the motion within 30 days of that order lest his suit be dismisse-d for failure to prosecute because he submitted the motion in a double page format as opposed to a single page format. Plaintiff subsequently complied with the court's order and refiled his motion for summary judgement like the court ordered him to do. Again the defendant refused to respond to the motion.
   On June 22, 2005, which was 2 days after teh answer deadline, the defendant filed a motion for a 30 day extension of time in which to answer the complaint that the court granted on June 27, 2005 extending the answer deadline to July 19, 2005. Then on July 18, 2005 the defendant filed for another 30 day extension of time that the court granted on July 20, 2005 extending the answer deadline to August 19, 2005.
   Plaintiff then filed a motion requesting a speedy disposition of his motion for summary judgement that the court denied on July 28, 2005. In that order the court also dismissed plaintiff's third motion for summary judgement as premature because the defendant had still not filed an answer to the complaint and the court further warned the defendant that he had until August 18, 2005 to respond to the complaint and that no further extensions of time would be granted without "Good Cause" shown.
   Despite this warning, the defendants failed to respond to the complaint and plaintiff filed for an entry of default that was entered on August 25, 2005. Defendant then filed a motion to set aside the default on August 29, 2005 and a brief in support thereof on September 8, 2005. Plaintiff filed a brief in oppositi

1

-on to both of those motions.
On December 7, 2005 Magistrate Judge Susan Baxter granted the defendant's motion to set aside the default. Currently at issue is plaintiff's objectuons to that order.

**ARGUMENT;**

In deciding whether or not to set aside an entry of default the court must consider the following factors: 1) whether lifting the default would prejudice the plaintiff; 2) whether the defendant has a meritorious defense; 3) whether the defendant's conduct is excusable or culpable; and 4) the possibility of effective alternate sanctions. Kaufman vs. Cal Spas, 37 F.Supp.2d 402, 404 (E.D. Pa. 1999)
Plaintiff concedes that he can not at this time show the loss of any evudence or witnesses that would satisfy the prejudice factor that is considered when deciding on whether or not to set aside a default. However, the prejudice factor is disjunctive from the other 3 factors the court must consider when deciding whether or not to set aside a default and failing to establish all 4 factors in plaintiff's favor is not necessary to preserve the default.
See, Kaufman, at 406 (inexcusable and culpable conduct and absence of alternative sanctions factors outweighed the meritorio-us defense and lack of prejudice factors resulting in the court denying the defendant's motion to set aside the default.) See also, Scottsdale Ins. Co. vs. Littlepage, CIV. A. NO. 92-2734, 1993 WL 275162 AT 5-6 (E.D. Pa. July 16, 1993) (inexcusable and culpable conduct factor outweighed all 3 of the other factors resulting in the court denying the defendant's motion to set aside the default.)
Commercial Bank of Kuwait vs. Rafidain Bank, 15 F3d 238, 244 (2nd Cir. 1994) (defendant's willful default and the absence of meritorious defense were sufficient to support the district court-'s default judgement without a consideration of prejudice to plaintiff.) National Credit Union Admin. Bd. vs. Gray, 1 F3d 262, 265 (4th Cir. 1993) ( the prejudice factor is of lesser importanc-e than the others when considering a motion to vacate a default judgement.) Matter of Dierschke, 975 F2d 181 (5th Cir. 1992) (when the court finds an intentional failure to file responsive pleadings, it need not find prejudice to the plaintiff.) Marziliano vs. Heckler, 728 F2d 151, 157 (2nd Cir. 1984) (affirmi-ng district court's refusal to set aside default based on willful conduct and lack of meritorious defense alone.)
Despite the Magistrate Judge's contentions, all 3 of the other default factors weigh in favor of preserving the default in this case. They will be adressed in turn:

1. Meritorious defense;

The defendant's first alleged meritorious defense is premised on the belief that plaintiff has procedurally defaulted his

2

claims in this court because the grievance that he filed during his administrative exhaustion efforts was timebarred by the prison. While this may have been a meritorious defense in another case it is not in the one at hand.

The P.L.R.A.'s exhaustion requirement is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling. **Ziemba vs. Wezner**, 366 F3d 161, 163 (2nd Cir. 2004); **Wright vs. Hollingsworth**, 260 F3d 357, 358 (5th Cir. 2001)

The Third Circuit has held that equitable tolling is primarily appropriate in situations in which the defendaht has actively misled the plaintiff respecting plaintiff's cause of action. **Oshiver vs. Levin, Fishbein, Sedran & Berman**, 38 F3d 1380, 1387 (3rd Cir. 1994) Aplaintiff can also escape the rigors of the limitations period by invoking equitable estoppel, if the defenda-nt has committed fraud or concealment that"causes the plaintiff to relax his vigilance or deviate from his right of inquiry" so that the complaint is not timely filed. **Howard vs. Mendez**, 304 F.Supp. 2d 632, 635 (M.D. Pa. 2004); See also, **Brown vs. Croak**, 312 F3d 109, 112 (3rd Cir. 2002) (inmate's failure to exhaust administrative remedies under the PLRA was excused because prison officials misled plaintiff by telling him he could not yet file a grievance because their investigation was not yet complete.)

In the misconduct plaintiff was appealing and grieving the defendant alleged that the facts he relied on when issuing plaintiff the lying to staff misconduct was the fact that he interviewed an inmate Clark, who plaintiff submitted as a witness to the retaliatory abuse he had endured, and that Clark did not support plaintiff's version of events contained in a grievance he filed regarding the abuse. **(Complaint at 10;Exhibit B)** However, the defendant's allegations here were false. Inmate Clark did support plaintiff's version of events during his interview with the defendant. **(Complaint at 11;Exhibit E)**

Because plaintiff was denied his request to have inmate Clark as a witness at his misconduct hearing**(Complaint at 12 and 13; Exhibit F AND G) and** because he was located on the opposite side of the prison as Clark (it is segregated into 2 halves) and could not find out what he told the defendant plaintiff had no choice but to rely on the defendant's false statement. After all, it was quite possible that Clark was afraid to tell the defendant the truth because he did not want to suffer the same type of retaliat-ory abuse that plaintiff was forced to endure.

If it had not been for the defendant's false statement plainti-ff would have appealed the misconduct within the 15 day timefram-e. Also, if plaintiff would have known inmate Clark never told the defendant plaintiff's abuse allegations were untrue and had he had the affidavit to prove it within those 15 days he would most certainly have appealled. Consider that plaintiff immediately began the administrative exhaustion process after learning of the true contents of inmate Clark's conversation with the defendant and obtaining the affidavit to prove that the defendant had lied.

Furthermore, in some circumstances threats by prison officials may render administrative remedies "unavailable" for purposes of Section §1997e(a). **Ortiz vs. Mcbride**, 380 F3d 649, 654 (2nd Cir. 2004) See, **Ziemba**, at

162 (prison officials estopped from asserting exhaustion defense because they threatened and beat plaintiff, denied him grievance forms and writing implements, and transferred him to another prison.) See also, **Hemphill vs. New York**, 2004 WL 1842658, 2nd Cir. at pg. 6 (prison officials were estopped from raising exhaustion defense due to threats which deterred plaintiff from filing a grievance.)
    In the case at hand, plaintiff was directly threatened about what would happen to him if he filed his lawsuit against S.C.I. Smithfield**(Complaint at 4 and 5;Exhibit Aand B)** and the prison officials at S.C.I. Albion kept true to that threat when plaintif-f was issued 2 misconducts on and the day after plaintiff recieved confirmation of the filing and service of his suit against Smithfield.**(Complaint at 8,9,14,15, and 19;Exhibits B,C,D,H,I, and J)** This threat and the accompanying retaliatory action deterred plaintiff from begining the administrative exhaustion process within the 15 days he was required to do so.
    To have appealed the misconduct without inmate Clark's affidav-it proving that the defendant lied in the misconduct would have subjected plaintiff to more retaliatory misconducts and punishmen-t because S.C.I. Albion staff would have said that the facts contained in the aPPeals were lies just like they did in the misconduct at issue especially if inmate Clark did not support plaintiff's abuse allegations as the defendant said.
    Also, inmate Clark's affidavit is exculpatory evidence that wa-s not available within the 15 day timeframe and plaintiff had only recieved it on 2/6/05. This affidavit proves that plaintiff is innocent of his misconduct and there was absolutely no way for plaintiff to provide it along with one of his appeals prior to that date. Even if plaintiff did file his appeal within the 15 day timeframe and allowed prison officials to issue him more lying to staff misconducts as a result he would still have had to file an appeal after 2/6/05 with the newly discovered evidence in order to obtain relief on his appeals.
    A federal court may consider claims raised in a [Habeas Corpus] that were defaulted if the petitioner can demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. **Coleman vs. Thompson**, 501 U.S. 722, 750 (1991); and a fundamental miscarriage of justice occurs when" a constitutional violation has probably resulted in the conviction of one who is actually innocent. **Schlup vs. Delo**, 513 U.S. 298, 327 (1995)
    This procedural default exception is present in plaintiff's case. The defendant's retaliatory actions were a constitutional violation and inmate Clark's affidavit proves that plaintiff is innocent of his misconduct. This court should consider applying this rule to PLRA ~~exhaustion~~ misconduct exhaustion the same way it is applied in the Habeas Corpus context. After all, an inmate is entitled to file a Habeas Corpus challenging the fact or length of disciplinary confinement resulting from a misconduct. See, **Torres vs. Fauver**, 292 F3d 141, 145 (3rd Cir. 2002)
    Whether by equitable estoppel, equitable tolling or manifest injustice the procedural default resulting from plaintiff's failure to file an appeal to his misconduct within the 15 day time period should be excused because plaintiff did fully exhaust his remedies and the late filing of his appeal was the defendant's

4

fault and not plaintiff's. See, Mitchell vs. Horn, 318 F3d 523, 529 (3rd Cir. 2003) (a remedy that a prison official prevents a prisoner from utilizing is not an available remedy under §1997e(a).)

The defendant's second alleged meritorious defense is supposed to derive from the fact that plaintiff did not suffer a "physical injury" as a result of the forementioned retaliation. The defenda -nt is apparently making reference to the "mental or emotional" injury provision contained in 42 U.S.C. §1997e(e) of the PLRA which states:

> No federal civil action may be brought by a prisoner confine -d in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

However, 1st Amendment retaliation claims are not for "mental or emotional injury" so the fact that plaintiff did not suffer a physical injury as a result of the retaliation at issue is irrele -vant. See, Mcgrath vs. Johnson, 67 F.Supp. 2d 499, 508-509 (E.D. Pa. 1999) (a plaintiff need not allege a physical injury pursuant to §1997e(e) in a 1st Amendment retaliation claim because retalia -tion claims are not for mental or emotional injury.)

The Magistrate Judge's assertions that the defendant has a possible defense that would be a complete defense to the action is incorrect and the lack of such a meritorious defense weighes in favor of preserving the default.

2. Inexcusable and Culpable Conduct

The defendant's conduct in failing to file an answer to plaintiff's complaint by the 3rd answer deadline was clearly inexcusable and culpable.

Defense counsel argues that the reason he did not file his answer by this deadline was because he "lost track of the due dat -e for filing the answer, having somehow inexplicably failed to calender it, either electronically or on paper." (Motion to set aside default at 1) HOWEVER, this is not a valid excusable reason to justify counsel's failure to meet the answer deadline.
= See, Conetta vs. National Hair Care Ctrs. Inc., 186 F.R.D. 262, 269 (D.R.I. 1999) (court may deny vacation where party claims to have simply "misplaced" the legal papers or to have negligentl -y ignored deadlines.) See also, Cohen vs. Murphy, 222 F.R.D. 416 (N.D. Cal. 2004) (defense counsel did not establish that "good cause" existed for his failure to timely file answer, so as to warrant setting aside entry of default, based on counsel's assertion that untimely answers were due to computer system installation which caused loss of his calender, where counsel's explanation of the system error was ambiguous in that it was unclear why the system was not backed up prior to the installatio -n or why no copies of the calender were made.)

If a defendant "has recieved actual ~~notice~~ or constructive notice of the filing ~~deadline~~ of the action and failed to answer " his conduct is culpable. Franchise Holding II L.L.C. VS. Huntingdon Restaurants Group Inc., 375 F3d 922, 926 (9th Cir. 2004) Here the defendant recieved actual notice of the filing of

5

the action and the August 18, 2005 deadline. His conduct in failing to file an answer was therefore culpable, not excusable.

What is also of issue here is how did counsel lose track of the due date for filing an answer when he was aware of the 2 previous deadlines having filed for a 30 day extension of time 2 days after the first deadline and another 30 day extension 1 day before the second and after recieving this court's order of 7/28/05 **(Doc. #21)** reminding him of the deadline and warning him that there will be no further extensions absent "good cause" 3 weeks prior to the deadline?

He also recieved plaintiff's objections to the judge's order dismissing plaintiff's third motion for summary judgement as premature just 2 weeks prior to the deadline.**(Doc. #22)** Is the court to believe that the Office of Attorney General somehow inexplicably failed to acknowledge all of the forementioned paperwork that would have brought the deadline in question to defense counsel's attention?

Also consider that this is the second time the defendant has made himself susceptible to an entry of default by missing an answer deadline in this case. He also missed the deadline on June 20, 2005 by 2 days **(Doc. #11 and 15)** which was not excusable under the 3-day mailing rule because the answer deadline time period only began to run upon actual reciept of plaintiff's complaint. See, <u>Mosel vs. Hills Dept. Store Inc.</u>, 789 F2d 251, 252 (3rd Cir. 1986) (3-day mailing rule inapplicable to deadlines where the time period begins to run upon actual reciept of document.)

Refusing to set aside an entry of default after a party misses his third opportunity to answer a complaint is entirely proper. See, <u>Spears vs. City of Indianapolis</u>, 74 F3d 153, 157 (7th Cir. 1996) (finding no abuse of discretion where the district court refused to grant a 24-hour extension of time after having previously granted 2 earlier extensions of time in which to answe-r) See also, <u>McIntosh vs. Antonino</u>, 71 F3d 29, 37-38 (1st Cir. 1995) (finding no abuse of discretion in court's exasperated denial of a third extension of time in which to answer.)

The court may impute culpability from a defendant's "reckless disregard for repeated communications from either the plaintiff o-r the court", <u>Kaufman</u>, at 405 and the defendant in this case missed the first answer deadline, has filed for two 30 day extensions of time before defaulting in this case and has failed to respond to any of the 3 motions for summary judgement that plaintiff filed against him.

All of the forementioned culpability displayed in this case by the defense weighs in favor of upholding the default.

3. Alternative Sanctions

The last factor a court must consider when deciding whether or not to set aside a default is the effectiveness of alternate sanctions. <u>Kaufman</u>, at 406 The MAGISTRATE Judge acknowledged this in her memorandum on page 4 when she stated that; In this case, alternative sanctions may be effective in deterring defendant's future tardiness in filing. However, the magistrate has'nt

imposed any alternative sanctions on the defendant.
   She further states in her memorandum that; It appears that other remedies exist for moving this case forward such that the interests of both parties are justly served. This conclusion is however untrue, what other remedy justly served plaintiff's interest here? No alternative sanctions have been impoesed.
   A just alternative sanction would be to strike the defendant's exhaustion/procedural default defense. How can the court justify the defendant being excused from the default in this case after ignoring 3 answer deadlines and 3 summary judgement deadlines and then allow him to raise a procedural default defense arguing that plaintiff's entire complaint be dismissed because he missed 1 grievance deadline that was missed due to the defendant's illegal conduct in the first place?
   Consider that plaintiff's complaint was going to be dismissed in its entirety for failing to prosecute if he was even 1 day late on a 30 day deadline to refile his motion for summary judgem-ent **(Doc. # 14)** despite the fact that the court later dismissed it as premature anyway **(Doc. # 21)** and which was a motion plainti-ff never even had a duty to file in the first place. To set aside the default in this case so that the defendant can raise a procedural default defense is insane and it imposes a completely unjust double standard upon plaintiff.
   At the moment no alternative sanction has been imposed on the defendant, therefore, the effectiveness of alternative sanctions can not be applied in this case.


   The Magistrate JUDGE has clearly abused her discretion in setting aside the default in this case. It could be argued that she did not had she imposed an alternative sanction upon the defendant such as the one previously mentioned in this argument but she has not done so. The defendant's lack of a meritorious defense, his inexcusable and culpable conduct and the absence of any alternative sanctions far outweighs any lack of prejudice to plaintiff and warrants the upholding of the default.



   Wherefore, plaintiff respectfully requests that this honorable court reverse the ¶Magistrate's order and reinstate the default or in the alternative, strike the defendant's exhaustion/procedur-al default defense as an alternative sanction.


12/9/05                                                 *Bryan Kerwin*

```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

RYAN KERWIN                     ;   CASE NO. 05-93 ERIE
                                ;
  VS.                           ;   MAGISTRATE JUDGE SUSAN BAXTER
                                ;
LT. WILLIAM MCCONNELL           ;   DISTRICT JUDGE SEAN MCLAUGHLIN

### CERTIFICATE OF SERVICE

I hereby declare that I mailed a true and correct copy of the attached objections to the defendant's counsel at the following adress;

```
            Kemal Alexander Mericli
           Office of Attorney General
           6th floor, Manor Complex
                564 Forbes Ave.
            Pittsburgh, P.A. 15219
```

12/9/05                                       _Ryan Kerwin_