IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN | : CASE #05-93 ERIE |
| | : |
| VS. | : MAGISTRATE JUDGE SUSAN BAXTER |
| | : |
| LT. WILLIAM MCCONNELL | : DISTRICT JUDGE SEAN MCLAUGHLIN |

## BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 37 (b)(2) states:

SANCTIONS BY COURT IN WHICH ACTION IS PENDING
   If a party or an officer, director, or managing agent of a party or a person designated under Rule 30 (b)(6) or 31 (a) to testify on behalf of a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgement by default against the disobedient party;

1

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

In lieu of any of the foregoing orders or in addition thereto , the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

When you consider that the defendant has already missed the first responsive pleading deadline in this case by 2 days, had 2 extensions of time in which to file a responsive pleading before missing the third deadline resulting in an entry of default **(Doc. #24)**, failed to respond to 3 motions for summary judgement (court dismissed motions as premature because defendant had not yet filed an answer), failed to provide plaintiff with responses to his interrogatories and his requests for production of documents and has now failed to respond to this court's discovery order, it is apparent that a severe discovery sanction is warranted particularly when you consider that no sanctions were imposed on the defendant when the court opened the entry of default in this case.

Under the circumstances only 2 of the following sanctions would be just. This court could either reinstate the default in this case or strike the defendant's affirmative defense of procedural default. Any lesser sanction would demonstrate a clear bias in favor of the defendant when you consider all of the things this court has already allowed him to get away with.

WHEREFORE, plaintiff respectfully requests that this

honorable court reinstate the default in this case, strike the defendant's affirmative defense of procedural default or impose any other sanction or multitude of sanctions it deems just.

Respectfully submitted,

2/14/06
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002

3