IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN                          : CASE NO. 05-93 ERIE
                                     :
    VS.                              : MAGISTRATE JUDGE SUSAN BAXTER
                                     :
LT. WILLIAM MCCONNELL                : DISTRICT JUDGE SEAN MCLAUGHLIN

### PLAINTIFF'S OBJECTIONS TO JUDGE SUSAN BAXTER'S RULINGS AT THE MARCH 3, 2006 SANCTIONS HEARING

I. FACTS

On December 10, 2006 plaintiff mailed defense counsel a set of interrogatories and requests for production of documents. The defense did not respond to these discovery requests within 30 days of service as required so plaintiff made a good faith effort to resolve the discovery dispute by mailing defense counsel a letter informing him of his discovery obligation on January 12, 2006.

Defense counsel was warned in that letter that failure to comply with the discovery requests by January 20, 2006 would result in plaintiff filing a motion to compel and asking for sanctions and expenses. January 20, 2006 passed and plaintiff had still not received any responses to his discovery requests.

As a result, plaintiff filed a motion to compel a response to these discovery requests on January 22, 2006. **(Doc. #41)** Then, on January 25, 2006, Judge Baxter ordered the defendant to respond to this motion to compel by February 10, 2006. **(Doc. #42)**

However, the defendant failed to obey the court's order and respond to plaintiff's motion to compel. As a result, the court granted the motion on February 14, 2006 and ordered the defendant to provide plaintiff with his discovery requests <u>before</u> February 22, 2006. **(Doc. #43)** Plaintiff then filed his first motion for sanctions as a result of the defendant's refusal to obey the

1

the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 37(b)(2) states:

SANCTIONS BY COURT IN WHICH ACTION IS PENDING
If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgement by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition

thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

In lieu of any of the foregoing orders or in addition thereto, the court <u>shall</u> require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

### III. ARGUMENT

Judge Baxter's decision not to sanction the defense at the March 3, 2006 sanctions hearing was an abuse of discretion. The defendant in this case missed the first responsive pleading deadline in this case by 2 days before filing for an extension of time, had 2 extensions of time in which to file a responsive pleading before missing the third deadline resulting in an entry of default **(Doc. #24)**, failed to respond to 3 motions for summary judgement (court dismissed motions as premature because defendant had not yet filed an answer), failed to provide plaintiff with responses to his interrogatories and his requests for production of documents without court action, failed to obey the court's order directing him to respond to plaintiff's motion to compel, failed to obey the court's order directing him to provide plaintiff with his discovery requests before February 22, 2006 and failed to fully answer plaintiff's interrogatories and produce all of plaintiff's document requests when he finally did provide discovery.

The foregoing facts demonstrate a clear pattern of bad faith and dilatoriness and they warrant a severe sanction particularly when you consider that no sanctions were imposed on the defendant when the court opened the entry of default in this case despite the court's admission that alternate sanctions were warranted.

In Judge Baxter's memorandum order opening the entry of

4

default **(Doc. #35)** she stated:

> In this case, alternate sanctions may be effective in deterring Defendant's future tardiness in filing. Viewed in the light of the preference under the law to avoid default judgements and decide cases on their merits, it appears that other remedies exist for moving this case forward, such that the interests of both parties are justly served. **(At pg. 4)**

However, Judge Baxter did not impose any alternate sanctions upon the defendant when she opened the default. This was an abuse of discretion.

See, <u>Phillips vs. Cohen</u>, **400 F3d 388, 388 (6th Cir. 2005)** (District Court's failure to address issue of sanctions based on employer's discovery abuse was abuse of discretion, where court found that sanctions were warranted, but decided to wait until trial to decide what sanction to impose, and court entered summary judgement in favor of employer, which resulted in imposition of no sanctions of any kind.)

Furthermore, the defendant should be required to pay plaintiff the reasonable expenses incurred in the preparation and filing of his motion to compel, both of his motions for sanctions and these objections.

Fed.R.Civ.P. 37(a)(4)(a) states:
> If a motion to compel is granted or if the requested discovery is provided after the motion was filed, the court <u>shall</u> require the party whose conduct necessitated the motion to pay the moving party reasonable expenses incurred in making the motion unless the motion was filed without the movant's first making a good faith effort to obtain the discovery without court action, that the party's nondisclosure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2) states:
> (SANCTIONS) The court <u>shall</u> require the party failing to obey the order to pay the reasonable expenses caused by

5

>    the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Because plaintiff's motion to compel was granted, because he made a good faith effort to obtain the discovery without court action (see certification of conference in motion to compel), and because the defendant's nondisclosures were not substantially justified, an award of expenses to reimburse plaintiff for the costs of his motion to compel is mandatory. See, **Dolquist vs. Heartland Presbytery**, 221 F.R.D. 564 (D. Kan. 2004)

For the same reasons, an award of expenses to reimburse plaintiff for the costs of his motions for sanctions is warranted also.

WHEREFORE, plaintiff respectfully requests that this honorabl-e court overrule Judge Baxter's rulings and impose sanctions on the defendant and award plaintiff reasonable expenses in the amount of $50.00.

Respectfully submitted,

3/8/06
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002

6

...

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN | : CASE NO. 05-93 ERIE |
| | : |
| VS. | : MAGISTRATE JUDGE SUSAN BAXTER |
| | : |
| LT. WILLIAM MCCONNELL | : DISTRICT JUDGE SEAN MCLAUGHLIN |

### CERTIFICATE OF SERVICE

I hereby declare that I mailed a true and correct copy of the attached Objections to Judge Baxter's Rulings at the March 3, 2006 Sanctions Hearing to the defendant's counsel at the followin-g address:

Kemal Alexander Mericli
Office of Attorney General
Manor Complex
564 Forbes Ave.
Pittsburgh, PA. 15219

3/8/06
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002

Clerk of court,

March 1, 2006

In re: Kerwin vs. McConnell, 05-93 ERIE (civil action)

    Please send me a copy of pages 5 and 6 of my docket upon receipt of the enclosed motions in your court. Thank you for your time and I await your response.

                                      Respectfully,

                                      Ryan Kerwin
                                      DZ0246
                                        S.C.I. Albion
                                        10745 Route 18
                                        Albion, PA. 16475-0002