IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN | : CASE NO. 05-93 ERIE |
| | : |
| VS. | : MAGISTRATE JUDGE SUSAN BAXTER |
| | : |
| LT. WILLIAM MCCONNELL | : DISTRICT JUDGE SEAN MCLAUGHLIN |

**PLAINTIFF'S RESPONSE TO THE**

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

1. It is denied that plaintiff did not file a grievance on July 23, 2003. **(Cmplt. at 4)** The defendant has already admitted that plaintiff filed a grievance on July 23, 2003 addressing numerous instances of threatening abuse by various correctional employees employed at S.C.I. Albion in his responsive pleading to plaintiff's complaint. **(Def's. Answer at 4)**

    This prior admission in the defendant's responsive pleading is binding. See, **Fed.R.Civ.P. 8(d)** (Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading.)
    See also, **Wyatt vs. Hunt Plywood Co. Inc.**, 297 F3d 405, 411-412 (5th Cir. 2002) (Defendant's admission in answer to plaintiff's complaint was binding and defendant was estopped from claiming otherwise.) **See also, Principle Health Care of Louisiana Inc. vs. Lewer Agency Inc.**, 38 F3d 240, 244 (5th Cir. 1994) (A motion for summary judgement is not a pleading.)

2. It is denied that plaintiff was interviewed by the defendant with regard to his grievance and abuse allegations on August 27, 2003. This interview was conducted on August 5, 2003 **(Cmplt. at 6)** and the defendant has already admitted this fact in his responsive pleading to plaintiff's complaint.**(Def's.**

1

   Answer at 6)

   It is <u>admitted</u> that defendant interviewed inmates William Clark and Kenneth Valentine.

   Plaintiff <u>does not have sufficient knowledge</u> to admit or deny whether or not defendant interviewed the transfer bus officers.

3. It is <u>denied</u> that the corrections officers did not harass plaintiff and it is <u>denied</u> that they did not know about plaintiff's litigation against S.C.I. Smithfield. **(Cmplt. at 4 and 5 ; Cmplt. Exhibit A)** It is also <u>denied</u> that plaintiff's inmate witness (William Clark) told the defendant that no one harassed plaintiff during the bus transfer. **(Cmplt. at 10 and 11 ; Cmplt. Exhibit E)**

   It is <u>admitted</u> that defendant issued plaintiff a misconduct for "lying to an employee" but it is <u>denied</u> that defendant believed plaintiff's allegations were unsubstantiated.

4. It is <u>admitted</u> that defendant issued plaintiff a misconduct (#495879) on August 26, 2003 and that a misconduct hearing was held in relation thereto on September 2, 2003 by a non-defendant hearing examiner named Ivory Barnett.

   It is also <u>admitted</u> that plaintiff requested defendant's supposed inmate witness (William Clark) to testify at his misconduct hearing and that Hearing Examiner Barnett denied this request.

   It is further <u>admitted</u> that plaintiff was found guilty of the misconduct and sentenced to 30 days cell restriction, effective September 2, 2003.

5. It is <u>admitted</u> that plaintiff was issued another misconduct (#436723) by non-defendant Corrections Officer Rivella on September 22, 2003. However, it is <u>denied</u> that the misconduct had nothing to do with plaintiff's litigation against S.C.I. Smithfield **(Cmplt. at 14 and 15)** and it is <u>denied</u> that plaintiff broke the rules for cell restriction.

It is <u>admitted</u> that Hearing Examiner Barnett presided over the misconduct hearing, that plaintiff was found guilty, and that he was sentenced to an additional 30 days cell restrictio -n to run consecutive to the previously issued cell restrictio -n period.

6. <u>Admitted</u>.


I hereby declare under penalty of perjury that the foregoing facts are true and correct, based upon my personal knowledge and that I am able to competently testify to these facts at trial.

Respectfully submitted,

3/19/06
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002