<u>**EXHIBIT A**</u>

(Plaintiff's grievance submitted to
Superintendant Wolfe on July 23, 2003)

A

On July 15, 2003 I was placed in the holding cells of S.C.I. Smithfield awaiting transfer to S.C.I. Albion. After the bus to Albion arrived I was stripped by one of the officers employed there. During that search I was sexually harassed by the officer conducting the search. The officer ordered me to lift my penis and testicles seperately six successive times. He also ordered me to spread my buttocks wider four seperate times and to allow him to look into my nose.

When I would begin to protest these orders I was immediately scolded and threatened with a misconduct for refusing to obey an order. This officer used repeated profanity toward me and told me to "get used to this type of treatment because there would be much more of it after I got to Albion".

Shortly after this incident I was handcuffed and placed in another cell with the rest of the inmates awaiting transfer. At that time the correctional officers were calling the names of inmates who were ordered to leave the cell and state their prison identification number as they were leaving. When the officer called my name I was told "dont say anything, I already know your number".

I was then placed on the bus with the rest of the inmates and subsequently arrived at S.C.I. Houtzdale. After the inmates who were to be housed at Houtzdale exited the bus I was asked by an officer "Kerwin, you headed for Albion right?" When I stated "yes" the bus officers began to mumble with

each other and then laugh out loud.

Since arriving at Albion this type of treatment has progressed considerably. The morning of my first full day in this institution I was called down to see the psychiatrist in the education building. When I approached the education building door I was stopped by two officers who stated that "they've already heard about me" and that "I looked like a troublemaker" among other things. They also stated that "I would be picking up trash by the end of the week." Not coincidentally I was forced to pick up trash today on 7/23/03.

Also today, after breakfast, I was pulled over outside of the chow hall and patted down in an ~~inappropriate manner. During that pat down I was verbally harassed by three officers one of which repeatedly instructed the other officers to "hook me up with a write-up" and to "just make up a reason". This is only some of the harassment I have been forced to endure during only a 7 day period of time.

On 7/22/03 I was called into Mr. Showers office because of a grievance I had filed about being threatened into signing a cell card contract and another for being celled with an inmate who smokes and for falling off the top bunk twice due to the absence of safety bars. During that meeting I was told by Mr. Showers that he was a former employee of S.C.I. Smithfield who knows Ms. Hanral and Ms. Zimmerman and that he already heard about the lawsuit I was preparing to file against

A

Smithfield. He also stated that I better reconsider filing or "I would regret it" and "my officers have no problem dealing with troublemakers".

Just so you know, Smithfield intercepted an affidavit I signed for inmate Justin Corliss, an inmate who has a pending lawsuit against Smithfield, regarding the officer elicited assaults that took place there. The next morning Mr. Corliss was transferred out of the prison and I was moved off of the block. Also, on July 10, 2003 several witness affidavits regarding my suit were illegally seized from the inmate who was collecting them for me.

Obviously, Smithfield intends to do everything in its power to see to it that my lawsuit against the prison is never filed. My transfer to this prison is apparently part of Smith-fields plan to prevent me from obtaining affidavits from my witnesses. It seems that officers in your prison have been given instructions to abuse and harass me in retaliation for attempting to file my suit. Mr. Showers comment certainly confirms this.

It is your duty to protect me from these officers. If this retaliation does not stop immediately, I will file a civil action against this prison under section § 1983, 1985, and 1986 for cruel and unusual punishment and conspiracy to violate constitut-ional rights. I suggest that you take this seriously because I am very serious.

This type of claim qualifies me for immediate injunctive

relief so I will not have to exhaust your pathetically unjust institutional remedy procedures before filing suit. Act now or I will sue. If your institution begins fabricating misconducts now then it will only further my cause so I suggest that you don't do it. I have retained a copy of this notice and I await your response.

note: The second I finished writing this complaint I was again singled out and punished by the block officers. I was sent outside to mow the grass while every other inmate in the jail was allowed to go to yard and blockout. I'm not even about to get into the specifics surrounding the situation because I've already provided enough facts to prove what is going on. I just figured it would be a good idea to raise the incident for the record.

**EXHIBIT B**

(The misconduct the defendant issued plaintiff for filing
his grievance against Albion and his lawsuit against Smithfield)

FORM **DC-141**  **PART 1**
Rev 3/00

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**A 495879**

☒ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number<br>DZ 0246 | Name<br>Kerwin, Ryan | Institution<br>SCI-Albion | Incident Time 24 Hr. Base<br>1800 | Incident Date<br>8/05/03 | Date of Report<br>8/26/03 |
|---|---|---|---|---|---|

| Quarters<br>DA 162 | Place of Incident<br>Visit Strip Interview Room |
|---|---|

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

B Class I Charges #42- Lying To An Employee

**STAFF MEMBER'S VERSION** On The Above Time And Date This Writer Conducted An Interview With Inmate Kerwin DZ 0246 Regarding his Allegations of Abuse By SCI-Albion Staff. In His Complaint Kerwin Writes That He Was Sexually Harassed By A Member of The Albion Bus Transport Team. During his Strip Search at SCI-Smithfield, Kerwin Also Writes That Mr. Showers Made The Comment To him That he (Showers) "Already Heard About The Lawsuit I Was Preparing To File Against Smithfield. He Also Stated That I Better Reconsider Filing or I Would Regret it And My Officers Have No Problem Dealing with Troublemakers." This Writer Interviewed Kerwin's Witness, He Does Not Support Kerwin's Version. I Also Interviewed The Officers Assigned To The Bus Transport Team on 7/15/03. Ofcr. Spurlock, Ofcr. Sapol, And SGT Rhoades. These Officers Deny Harassing Kerwin In Any manner. I Interviewed Mr. Showers. He Denies making The Alleged comment To Kerwin. The Investigation (SCIA-052-02) Concludes That it is more Likely Than not That Inmate Kerwin Fabricated The Allegations, (Continued)

**IMMEDIATE ACTION TAKEN AND REASON**

Formal hearing due to Seriousness

| PRE-HEARING CONFINEMENT | | | Input REG |
|---|---|---|---|

| | IF YES | | |
|---|---|---|---|
| ☐ YES | TIME | DATE | |
| ☒ NO | | | **FORMS GIVEN TO INMATE**  ☒ REQUEST FOR WITNESSES AND REPRESENTATION   ☒ INMATE'S VERSION |

| REPORTING STAFF MEMBER<br>SIGNATURE AND TITLE<br>Lt Wm McConnel  McConnell | ACTION REVIEWED AND APPROVED BY<br>RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY<br>DATE 8-26-03  TIME 24 HOUR BASE 1530 |
|---|---|---|

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | | |
|---|---|---|---|
| DATE 7-29-03 | TIME 0900 | **MISCONDUCT CATEGORY**<br>☒ CLASS 1   ☐ CLASS 2 | Signature of Person Serving Notice<br>Long  Long  Coll |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15       YELLOW — Inmate       PINK — Reporting Staff Member       GOLDENROD — Deputy Superintendent Facility Management

**DC-ADM 801 Inmate Discipline Policy, Attachment B**

Continued From DC-141 A 495879

FORM DC-141   PART 1
Rev 3/00

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

A 495898 wmc

☒ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801   INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| DZ 0246 | KERWIN, RYAN | SCI-ALBION | 1800 | 8/5/03 | 8/26/03 |

| Quarters | Place of Incident |
|---|---|
| D/A 62 | Visit Strip Interview Room |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

R CLASS I Charges - #42 - Lying To An Employee

**STAFF MEMBER'S VERSION**   of HARASSMENT AND ABUSE By SCI-ALBION STAFF.

THE DELAY IN THIS REPORT IS DUE TO CONFLICTING LEAVE SCHEDULES OF THE INVOLVED STAFF.

**IMMEDIATE ACTION TAKEN AND REASON**

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | **IF YES** | |
| | TIME | DATE |
| ☐ YES | | |
| ☐ NO | | |

FORMS GIVEN TO INMATE
☒ REQUEST FOR WITNESSES AND REPRESENTATION    ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY   SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR BASE |
| Lt Wm McConnel   McConnell | Lt, Lt | 8-26-03 | 1530 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | | LONG |
| 8-28-03 | 0800 | ☒ CLASS 1   ☐ CLASS 2 | Long COII |

**NOTICE TO INMATE**
You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15        YELLOW — Inmate        PINK — Reporting Staff Member        GOLDENROD — Deputy Superintendent Facility Management

*DC-ADM 801 Inmate Discipline Policy, Attachment B*

**EXHIBIT C**

(Letter from Huntingdon County Courthouse)



U.S.POSTAGE
0.37

HUNTINGDON
AUG 22'03
PA

16475-0002

Ryan Kerwin, DZ-0246
S.C. I-Albion
1o745, Route 18
Albion, Pennsylvania        16475-0002

16475=0002    I.I.II.I..I.I.I..I.II.I.I..II.I..II..I...II.I.I

MAIL ROOM

AUG 2 5 2003

RECEIVED

JUDGE'S CHAMBERS
COURTHOUSE
HUNTINGDON, PA 16652

**<u>EXHIBIT D</u>**

(Order granting plaintiff leave to proceed
in forma pauperis in his suit against Smithfield)

B

IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY,
PENNSYLVANIA

CIVIL DIVISION

RYAN KERWIN,
                     Plaintiff :
                         :
             vs.          :  NO. 03-1027
                         :
BEN VARNER, et al.,     :
               Defendants:

O R D E R

AND NOW, this 22nd day of August, A.D., 2003, It is the Order of this Court that the request of Ryan Kerwin, DZ-0246, to proceed in forma pauperis is granted. It is the further Order of this Court that Plaintiff shall furnish to the Prothonotary ten (10) copies of the complaint in order for service to be effectuated by the Sheriff.

BY THE COURT,

_J._

Ryan Kerwin

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THIS DOCUMENT HAS
BEEN FILED IN THIS CASE
PROTHONOTARY HUNTINGDON COUNTY
DATE:

AUG 2 2 2003

**EXHIBIT E**

(Affidavit of William Clark)

DECLARATION OF  William Clark

While detained in the holding cells of S.C.I. Smithfield awaiting transfer to S.C.I. Albion, I met an inmate named Brian Kerwin.  During a strip search, prior to transfer, I observed an Albion officer (who was strip searching inmate Kerwin) harass Kerwin for no apparent reason during the search.

This officer seemed to find humor in ordering Kerwin to lift his genitals and spread his buttocks "wider" numerous times.  The officer even ordered Kerwin to allow him to look into his nose.

When Kerwin would try to protest this abuse, the officer would yell at him and threaten him with a misconduct for refusing to obey an order.  The officer even cursed at him and at one point said "Get used to this type of treatment because there would be more of it after you get to Albion".

After the strip search, myself, inmate Kerwin, and several other inmates were placed in another cell to await transfer.  At that time correctional officers were calling the names of inmates who were ordered to leave the cell and state their prison identif-ication number as they were leaving.  When the officer called Kerwin's name, he was told "Don't say anything, I already know your number", in a very sarcastic manner.

I was subsequently placed on a bus with Kerwin and several other inmates and later arrived at S.C.I. Houtzdale.  After the inmates who were to be housed there exited the bus, I heard a bus officer ask Kerwin if he was headed for Albion.  When he stated yes, the bus officers began to mumble with each other and then laugh out loud.

The morning of my first full day at Albion, I was called down to see the psychiatrist at the education building along with Mr. Kerwin.  When we approached the building door, Kerwin was stopped by two officers who told him "they heard all about him", and that he "looked like a trouble maker".  I also heard them tell him "he would be picking up trash by the end of the week".

I was subsequently interviewed by Lt. McConnell regarding the forementioned incidents and I told hime exactly what I have testified to in this affidavit.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

2-5-05                                    William Clark

**EXHIBIT F**

(Plaintiff's misconduct witness form)

| DC-141 PART 2A Rev. 6-84 INMATE REQUEST FOR REPRESENTATION AND WITNESSES | COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS | | | |
|---|---|---|---|---|

| DC Number | Name | Institution | Date | Number as on Part I |
|---|---|---|---|---|
| DZ 0246 | Kerwin, Ryan | SCI-Albion | 8/26/03 | A-495879 |

You have been charged with a misconduct. You may request assistance and/or witnesses to appear at your hearing by completing the section(s) below.

In order to have assistance or witnesses at your hearing, you must complete this form and present all copies to one of your housing officers no later than 9:00 a.m. the first working day after you receive notice of the misconduct.

Assistance: ☐ I do not request assistance
☐ I request assistance by_____
(The person requested must be willing to assist you)

Witnesses: You may request witnesses in accord with DC-ADM 801. State the relevance and importance of the testimony the witness will give

---

1. Name of Witness:    No.    If Inmate Quarters

NO

DO NOT WRITE IN THIS SECTION For Use by Hearing Examiner

Why is this person's testimony relevant and important?
THE WITNESS LT. MCCONNELL CLAIMS DID NOT SUPPORT MY VERSION OF ANY RELEVANT EVENTS

Witness permitted?    If not, why not?

See Below

---

2. Name of Witness:    No.    If Inmate Quarters

NO

Why is this person's testimony relevant and important?
THE NAMES AND PRISON #'S OF ALL OF THE INMATES TRANSFERRED TO S.C.I. MERCER, HOUTZDALE, AND ALBION ON 7/15/03. (THEY WERE ON THE TRANSPORT BUS TO ALBION)

Witness permitted?    If not, why not?

NOT NEED TO DETERMINE THE FACTS OF THIS INCIDENT

---

3. Name of Witness:    No.    If Inmate Quarters

NO

Why is this person's testimony relevant and important?
AN OFFICIAL STATEMENT CONFIRMING OR DENYING WHETHER OR NOT MR. SHOWERS WAS A FORMER EMPLOYEE OF S.C.I. SMITHFIELD

Witness permitted?    If not, why not?

SEE ABOVE

---

Bryan H Kerwin
Inmate's Signature

This section to be completed by Housing Officer only
Received completed form _1910_ hours _7.26.03_
                          Time         Date

_____
Housing Officer's Signature

_____
Hearing Examiner's Signature

---

<u>**EXHIBIT G**</u>

(Plaintiff's misconduct disposition form)

| DC-141 Rev. 6-84 | Part 2B | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|
| DISCIPLINARY HEARING REPORT | | DEPARTMENT OF CORRECTIONS |

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| DZ0246 | Kerwin | SCIA | 2 Sept 03 | 1210 | A495879 |

| INMATE PLEA | ☐ Guilty  ☑ Not Guilty | ☐ No Plea  ☐ Other | Verdict | ☑ Guilty  ☐ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES  #42

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

INMATE PLEAS NOT GUILTY
INMATE STATES HE DID SUBMIT A COMPLAINT TO THE SUPERINTENDENT.
HE DID WRITE IN THE COMPLAINT HE WAS SEXUALLY HARASSED BY A MEMBER
OF THE ALBION TRANSPORT BUS TEAM. HE STATES HE DID WRITE THAT MR. SHOWERS
MADE THE COMMENT TO HIM THAT MR. SHOWERS ALREADY HEARD ABOUT THE LAWSUIT
HE WAS PREPARED TO FILE AGAINST SMITHFIELD AND THAT HE BETTER RECONSIDER
FILING OR HE WOULD REGRET IT AND HIS OFFICIALS HAVE NO PROBLEM DEALING WITH
TROUBLEMAKERS. HE DID SUBMIT A WITNESS CLARK.

LT. McCONNELL STATES INMATE KERWIN'S WITNESS NAME WAS CLARK INMATE
KERWIN SUBMITTED THIS WITNESS. HE STATES THE WITNESS STATED NOBODY HARASSED
KERWIN ON THE BUS.

EXAMINER BELIEVES LT. McCONNELL'S REPORT OVER INMATE KERWIN'S DENIAL THAT INMATE
KERWIN DID SUBMIT A COMPLAINT TO THE SUPERINTENDENT AND HE DID STATE IN THE
COMPLAINT THAT THE ALBION TRANSPORT BUS TEAM SEXUALLY HARASSED HIM. HE ALSO SUBMITTED
A WITNESS TO PROVE HE WAS HARASSED BY THE OFFICIALS AND AFTER TH. LT. INVESTIGATED
THE INCIDENT HIS WITNESS TOLD THE LT. NOBODY HARASSED KERWIN ON TH. BUS. EXAMINER NOTES
TH. LT. INTERVIEWED ALL (3) MEMBERS OF THE BUS TRANSPORT TEAM FOR THAT DAY AND ALL (3)
DENIED HARASSING KERWIN IN ANY MANNER. EXAMINER BELIEVES THERE IS SOME EVIDENCE
THAT INMATE KERWIN DID NOT TELL TH. TRUTH IN HIS COMPLAINT TO THE SUPERINTENDENT
GUILTY #42 SANCTION 300 Days CELL RESTRICTION
JT. 2Sept. 03

| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. |
|---|---|---|
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. |

WITNESS FORM

SEE APPENDICES
☐

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| IVORY BRETT | SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15      YELLOW - Inmate Cited      PINK - Staff Member Reporting Misconduct      GOLDENROD - Deputy Superintendent

**EXHIBIT H**

(Letter from Huntingdon County Courthouse)







Ryan Kerwin, DZ-0246
SCI-Albion
10745 Route 18
Albion, PA 16475



**EXHIBIT I**

(Sheriff's Return of Service forms in Smithfield suit)

E



# SHERIFF'S OFFICE

## HUNTINGDON COUNTY, PENNSYLVANIA

241 Mifflin Street
Huntingdon, PA 16652
Telephone: 814-643-0880
William G. Walters, Sheriff

Ryan Kerwin

NO. 1027 _____ TERM 2003

VS:

Ben Varner, Sue Hannah, and George Weaver

NOW, September 11 _____ , 2003 , AT 0845 ____ A.M./P.M. I SERVED THE WITHIN _____

Notice to Defend and Complaint                                                    UPON

Ben Varner, Sue Hannah, and George Weaver                                          AT

SCI-Smithfield, 1120 Pike Street, Huntingdon, PA 16652

BY HANDING TO Lisa Hollibaugh, Superintendant's Assistant

one TRUE AND CORRECT COPY/COPIES OF THE WITHIN Notice to Defend and Complaint

_____ AND MADE KNOWN TO Lisa

_____ THE CONTENTS THEREOF.

SWORN AND SUBSCRIBED TO            SO ANSWERS,
BEFORE ME THIS _____
DAY OF _____                  *William G. Walters*
20__ , A.D.
                                   WILLIAM G. WALTERS, SHERIFF

PROTHONOTARY/NOTARY PUBLIC

                                   Deputy Daniel B. McCartney
                                   CHIEF DEPUTY/DEPUTY

                                   COSTS:
                                   REC & DOC . . . .   Hunt Co. Costs
                                   SERVICE . . . . .   $203.00
                                   MILEAGE/POSTAGE .   Cumb. Co Costs
                                   SURCHARGE . . . .   N/A
                                   AFFIDAVIT . . . .   ---
                                   MISCELLANEOUS . .   Total Co. Costs

                                   TOTAL COSTS         $203.00   Indigent

E



# SHERIFF'S OFFICE
## HUNTINGDON COUNTY, PENNSYLVANIA

241 Mifflin Street
Huntingdon, PA 16652
Telephone: 814-643-0880
William G. Walters, Sheriff

Ryan Kerwin

NO. 1027          TERM 2003

VS:

Sharon Burks

NOW, September 11                2003          , I AM UNABLE TO LOCATE THE WITHIN

NAMED DEFENDANT, Sharon Burks                       , WITHIN MY BAILIWICK, I

RETURN THIS  Notice to Defend and Complaint

"NOT FOUND".   REASON UNABLE TO SERVE: Ms. Burks has been transferred to

Central Office

SWORN AND SUBSCRIBED TO
BEFORE ME THIS
DAY OF
20___ , A.D.

SO ANSWERS,

*William G. Walters*

WILLIAM G. WALTERS, SHERIFF

PROTHONOTARY/NOTARY PUBLIC

Deputy Daniel B. McCartney
CHIEF DEPUTY/DEPUTY

COSTS:
REC & DOC . . . . _____ See
RETURN NOT FOUND. _____ ---
MILEAGE/POSTAGE . _____ First
SURCHARGE . . . . _____ ---
AFFIDAVIT . . . . _____ Entry
MISC . . . . . . . _____ ---

**TOTAL COSTS**    See First Entry



# SHERIFF'S OFFICE

## HUNTINGDON COUNTY, PENNSYLVANIA

241 Mifflin Street
Huntingdon, PA 16652
Telephone: 814-643-0880
William G. Walters, Sheriff

Ryan Kerwin

NO. 1027        TERM 2003

VS:

Dr. McGarvie

NOW, September 11 , 2003 , I AM UNABLE TO LOCATE THE WITHIN

NAMED DEFENDANT, Dr. McGarvie , WITHIN MY BAILIWICK, I

RETURN THIS Notice to Defend and Complaint

"NOT FOUND". REASON UNABLE TO SERVE: No such Doctor works there with the name

of Dr. McGarvie

SWORN AND SUBSCRIBED TO
BEFORE ME THIS
DAY OF
20___ , A.D.

SO ANSWERS,

*William G Walters*

WILLIAM G. WALTERS, SHERIFF

PROTHONOTARY/NOTARY PUBLIC

Deputy Daniel B. McCartney
CHIEF DEPUTY/DEPUTY

**COSTS:**

| | |
|---|---|
| REC & DOC . . . . | See |
| RETURN NOT FOUND. | --- |
| MILEAGE/POSTAGE . | First |
| SURCHARGE . . . . | --- |
| AFFIDAVIT . . . . | Entry |
| MISC . . . . . . . | --- |
| **TOTAL COSTS** | See First Entry |

E



# SHERIFF'S OFFICE
## HUNTINGDON COUNTY, PENNSYLVANIA

241 Mifflin Street
Huntingdon, PA 16652
Telephone: 814-643-0880
William G. Walters, Sheriff

Ryan Kerwin

NO. 1027          TERM 2003

VS:
Jeffrey Beard, John McCullough, Thomas James, Tshanna Kyler, and Kristen Kersin

NOW, September 15 _____, 2003 _____ , I AM UNABLE TO LOCATE THE WITHIN

NAMED DEFENDANT, Jeffrey Beard, John McCullough, Thomas James, Tshanna Kyler, and Kristen Kersin , WITHIN MY BAILIWICK, I

RETURN THIS   Notice to Defend and Complaint

"NOT FOUND".   REASON UNABLE TO SERVE: Cumberland County Sheriff's Office

recieved document's too late for service

SWORN AND SUBSCRIBED TO
BEFORE ME THIS
DAY OF
20___ , A.D.

SO ANSWERS,

*William G Walters*

WILLIAM G. WALTERS, SHERIFF

PROTHONOTARY/NOTARY PUBLIC

Secretary Nicole L. Erwin
CHIEF DEPUTY/DEPUTY

COSTS:
| | |
|---|---|
| REC & DOC . . . . | See |
| RETURN NOT FOUND. | --- |
| MILEAGE/POSTAGE . | First |
| SURCHARGE . . . . | --- |
| AFFIDAVIT . . . . | Entry |
| MISC . . . . . . . | --- |
| **TOTAL COSTS** | See First Entry |

**EXHIBIT J**

(Plaintiff's second misconduct)

FORM **DC-141**    **PART 1**
Rev 3/00

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

**A** 436723

☑ MISCONDUCT REPORT    ☐ OTHER    ☐ DC-ADM 801  INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| D2 0246 | KERWIN | SCIA | 1452 | 9-22-03 | 9-22-03 |

| Quarters | Place of Incident |
|---|---|
| DA 62 | D/A DAYROOM OFFICERS DESK |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** CLASS 1 CHARGE #35 REFUSING TO OBEY AN ORDER CLASS 1 CHARGE #30 BREAKING RESTRICTION QUARANTINE OR INFORMAL RESOLUTION SANCTION    CLASS 1 CHARGE #43 PRESENCE IN AN UNAUTHORIZED AREA

**STAFF MEMBER'S VERSION**

ON THE ABOVE DATE AND TIME THIS REPORTING OFFICER OPENED CELL 62 TO LET INMATE BICKEL FA 8942 IN HIS CELL (62) AT THIS TIME INMATE KERWIN D2 0246 CAME OUT OF HIS CELL (62) TO THE OFFICERS DESK TO USE THE STAPLER. INMATE KERWIN IS CURRENTLY ON CELL RESTRICTION. THIS OFFICER ASKED INMATE KERWIN D2 0246 IF HE WAS GIVEN CELL RESTRICTION RULES, HIS REPLY WAS YES I WAS, AND THEN WENT BACK TO HIS CELL. BY COMING OUT HIS CELL TO USE THE STAPLER KERWIN REFUSED TO OBEY THE ORDER OF 30 DAYS CELL RESTRICTION, BROKE CELL RESTRICTION AND AT THE SAME TIME PLACED HIMSELF IN AN UNAUTHORIZED AREA.

**IMMEDIATE ACTION TAKEN AND REASON**

*Refer to formal resolution Class on this violation on the misconduct*

| **PRE-HEARING CONFINEMENT** | | |
|---|---|---|
| **IF YES** | | |
| | **TIME** | **DATE** |
| ☐ YES | | |
| ☑ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION

| **REPORTING STAFF MEMBER**<br>**SIGNATURE AND TITLE** | **ACTION REVIEWED AND APPROVED BY**<br>RANKING C.O. ON DUTY    SIGNATURE AND TITLE | **DATE AND TIME INMATE GIVEN COPY** | |
|---|---|---|---|
| | | **DATE** | **TIME 24 HOUR BASE** |
| Rim A Co¹ | | 9-22-03 | 2038 |

| **YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER** | | **MISCONDUCT CATEGORY** | **Signature of Person Serving Notice** |
|---|---|---|---|
| **DATE** | **TIME** | | Morales |
| 9-23-03 | 2038 | ☑ CLASS 1    ☐ CLASS 2 | Morales Co¹ |

**NOTICE TO INMATE**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law. If this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have will be removed.

WHITE — DC-15        YELLOW — Inmate        PINK — Reporting Staff Member        GOLDENROD — Deputy Superintendent Facility Management

**DC-ADM 801 Inmate Discipline Policy, Attachment B**

<u>**EXHIBIT K**</u>

(Plaintiff's second misconduct disposition form)

**DC-141**  **Part 2B**
Rev. 6-84

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF CORRECTIONS

DISCIPLINARY HEARING REPORT

| DC Number | Name | Facility | Hearing Date | Hearing Time | No. from Part 1 |
|---|---|---|---|---|---|
| DZ0246 | KERWIN | SCIA | 25 Sept 03 | 1100 | A436723 |

| INMATE PLEA | ☑ Guilty<br>☐ Not Guilty | ☐ No Plea<br>☐ Other | Verdict | ☑ Guilty<br>☐ Not Guilty |
|---|---|---|---|---|

**HEARING ACTION**

CHARGES  #35  #43
         #30

FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED

INMATE PLEADS "NO CONTEST TO ALL CHARGES" (GUILTY)

EXAMINER ACCEPTS GUILTY PLEA

GUILTY #35, #30, #43

SANCTION 30 DAYS CELL RESTRICT

JE CONSECUTIVE

REMOVE FROM JOB

| ☑ YES | ☐ NO | The inmate has heard the decision and has been told the reason for it and what will happen. | |
|---|---|---|---|
| ☑ YES | ☐ NO | The circumstances of the charge have been read and fully explained to the inmate. | SEE APPENDICES |
| ☑ YES | ☐ NO | The opportunity to have the inmate's version reported as part of the record was given. | ☐ |
| ☑ YES | ☐ NO | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE (TYPED OR PRINTED) | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| IVORY BARNETT | _signature_<br>SIGNATURE OF HEARING EXAMINER/COORDINATOR |

WHITE - DC-15        YELLOW - Inmate Cited        PINK - Staff Member Reporting Misconduct        GOLDENROD - Deputy Superintendent

**EXHIBIT L**

(Plaintiff's first green sheet from parole)



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE
1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

### NOTICE OF BOARD DECISION

NAME: RYAN KERWIN                                    PAROLE NO:   494CE
INSTITUTION:   SCI - ALBION                          INSTITUTION NO:   DZ0246

  AS RECORDED ON NOVEMBER 05, 2003 THE BOARD OF PROBATION AND PAROLE RENDERED
  THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING
CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT OF 1941, AS
AMENDED, 61 P.S. § 331.1 ET SEQ., THE BOARD OF PROBATION AND PAROLE, IN THE
EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST
INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/REPAROLED; AND, THE
INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED.
THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME. THE REASONS FOR THE
BOARD'S DECISION INCLUDE THE FOLLOWING:

-YOUR VERSION OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
-YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.
-THE RECOMMENDATION MADE BY THE PROSECUTING ATTORNEY.
-THE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
-REPORTS, EVALUATIONS AND ASSESSMENTS CONCERNING YOUR PHYSICAL, MENTAL AND
BEHAVIOR CONDITION AND HISTORY.
-YOUR INSTITUTIONAL BEHAVIOR, INCLUDING REPORTED MISCONDUCTS OR CCC FAILURE.
-YOUR INTERVIEW WITH THE HEARING EXAMINER AND/OR BOARD MEMBER.

YOU WILL BE REVIEWED IN OR AFTER OCTOBER, 2004.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE

  (CONTINUE ON PAGE 2)

11/10/03
AM

CLIENT COPY
RYAN KERWIN      DZ0246
10745 ROUTE 18
ALBION, PA  16401

16401

Notice of Board Decision
PBPP 15(08/02) 1 of 2

EXHIBIT M

(Plaintiff's second green sheet from parole)



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE
1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

### NOTICE OF BOARD DECISION

NAME:  RYAN KERWIN
INSTITUTION:  SCI - ALBION

PAROLE NO:   494CE
INSTITUTION NO:   DZ0246

AS RECORDED ON OCTOBER 29, 2004 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT OF 1941, AS AMENDED, 61 P.S. § 331.1 ET SEQ., THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/REPAROLED; AND, THE INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED. THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:

-YOUR VERSION OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
-REPORTS, EVALUATIONS AND ASSESSMENTS CONCERNING YOUR PHYSICAL, MENTAL AND BEHAVIOR CONDITION AND HISTORY.
-YOUR INSTITUTIONAL BEHAVIOR, INCLUDING REPORTED MISCONDUCTS.
-YOUR INTERVIEW WITH THE HEARING EXAMINER AND/OR BOARD MEMBER.

YOU WILL BE REVIEWED IN OR AFTER OCTOBER, 2005.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR: PRESCRIPTIVE PROGRAM PLAN.

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE

(CONTINUE ON PAGE 2)

CLIENT COPY
RYAN KERWIN     DZ0246
10745 ROUTE 18
ALBION, PA  16401

16401

**EXHIBIT O**

(Plaintiff's Cumulative Adjustment Record)

DC-14

## CUMULATIVE
## ADJUSTMENT RECORD

SCIA
Facility

**COMMONWEALTH OF PENNSYLVANIA**
DEPARTMENT OF CORRECTIONS

| FACILITY NUMBER | PBP NUMBER | NAME |
| --- | --- | --- |
| DZ0246 | | Kerwin |

| DATE | OBSERVATION |
| --- | --- |
| 7-15-03 | Read on J this date Kersey |
| 7.23-03 | D/O NOT TO GET UP AND ROAM AROUND THE DINING HALL. WAS DISRESPECTFUL AND MOUTHY WHEN GIVEN D/O OFR GRIEBNER |
| 7.23.03 | I/M has a Poor Attitude and has Problems with Following orders is very smug and disresp+ful toward staff - wernicki |
| 7.29.03 | received DIA, recv'd copy unit notes.  co, Gould |

(OVER)

**EXHIBIT P**

(Albion block rules)

# B Unit Rules

## It is your responsibility to read and follow the unit rules.

**I.    MOVE TIMES**

1.   Block out hours are as follows:
     **10:00 AM to 10:30 AM** Yard returnees only, you must turn your I.D. into the
     unit officer.  If you go in your cell, you are not permitted back out.
     **1:15 PM to 3:30 PM** (Block out begins when yard is called.)
     **6:00 PM to 9:00 PM** (Block out begins when chow hall is secured.)  You must be
     in your cell with your door **SHUT** by 9:00 PM
2.   Move times announced by Control are five minutes in length.  Block moves are
     called and terminated by unit officers.  Moved to Dining hall and yard are called
     by Unit Officer and are to be made quickly and quietly.
3.   **All movement (worker, call-outs, activities) must be made within five minutes
     of the announcement.  If you do not move within the five-minute time frame,
     you will not be permitted to move.**
4.   Request for toilet paper and hot water are to be made during move times only.
     Requests for paperwork are to be made during block out.
5.   Yard, work lines and scheduled activities will be announced by Control.
6.   Read call-out daily.  When you are on a call-out, you do not need a pass.
7.   You are to walk on the right side of the walkway for every move.  No running in
     the unit or walkway.

**II.    COUNT TIME**

1.   All counts (except for counts between 2200 and 0600 hours.) are standing counts.
     Ensure that your light is on and that you are standing and visible for count.
     Dormitory residents must stand by your assigned bed.  Failure to do so will result
     in a misconduct.

**III.    PHONES**

1.   Sign up for phone time (during evening block out but before 8:00 pm).  One time
     slot at 15 minute maximum.  You must hang up when 15 minute time slot ends.
     Incomplete calls are at the unit officer's discretion.
2.   You must legibly sign your name, number and cell number only.
3.   No phone sharing (time exchanges or more than one man on the phone).
4.   Custody level 2 inmates must sign one slot the night before and may request two
     additional time slots on the day of the call. At unit officer's discretion – **NO
     CONSECUTIVE SIGN-UPS.**
5.   Custody level 3Y must have prior written approval to receive custody level 2
     telephone privileges.
6.   Telephone Add/Delete forms are to be submitted to the Unit Manager for
     signature the first five working days of the month only.  Telephone forms must
     have your name, number, housing unit and signature in order to be processed.
     Failure to submit to the Unit Manager for signature or to complete the form
     correctly will result in a delay until the next month.  One telephone form per
     month only.

**EXHIBIT Q**

(Plaintiff's inmate account statements
from September, October and November of 2003)

```
PAGE    1                    INMATE ACCOUNTS SYSTEM              09-08-2003
D-A-2062                  MONTHLY ACCOUNT STATEMENT                 958 ALB


     INMATE    NAME
     NUMBER    LAST              FIRST          MI           OLD BALANCE
     DZ0246    KERWIN            RYAN                           152.62


BATCH      DATE
  #     MO DY YEAR      TRANSACTION DESCRIPTION       TRANSACTION BALANCE AFTER
                                                        AMOUNT    TRANSACTION


   179   08-13-2003  38  INSIDE PURCHASES
                         UPS                            -3.45       149.17
   181   08-13-2003  38  INSIDE PURCHASES
                         VENDA CARD                     -6.00       143.17
   197   08-13-2003  37  POSTAGE
                                                        -2.21       140.96
  8226   08-14-2003  32  ALB COMMISSARY
                         FOR  8/14/2003               -20.64       120.32
   255   08-19-2003  10  MAINTENANCE PAYROLL
                         7/20-8/16/2003   PAY GROUP 3   14.40       134.72
   255   08-19-2003  50  ACT 84 TRANSACTION *
                         1130/1999          08/19/03    -2.88       131.84
   286   08-21-2003  31  OUTSIDE PURCHASES
                         HOLABIRD SPORTS               -81.90        49.94
  8233   08-21-2003  32  ALB COMMISSARY
                         FOR  8/21/2003               -24.74        25.20
   304   08-22-2003  13  PERSONAL GIFT FROM
                         KELLER, BERTHA      F826189    25.00        50.20
   304   08-22-2003  50  ACT 84 TRANSACTION *
                         1130/1999          08/22/03    -5.00        45.20
   345   08-26-2003  37  POSTAGE
                                                        -.23        44.97
   371   08-28-2003  13  PERSONAL GIFT FROM
                         MARCHIONE, CHRISTINE F827326  300.00       344.97
   371   08-28-2003  50  ACT 84 TRANSACTION *
                         1130/1999          08/28/03   -60.00       284.97
  8240   08-28-2003  34  ALB CABLE  TV
                         FOR  8/28/2003               -11.25       273.72
   393   08-29-2003  37  POSTAGE
                                                        -.37       273.35
  8246   09-03-2003  32  ALB COMMISSARY
                         FOR  9/03/2003               -31.84       241.51
   446   09-04-2003  14  MISCELLANEOUS
                         HOLABIRD SPORTS     F820626     7.00       248.51


         NEW BALANCE AS OF THIS STATEMENT ------------------->    248.51
```

```
PAGE   1                    INMATE ACCOUNTS SYSTEM                   10-13-2003
D-A-2062                    MONTHLY ACCOUNT STATEMENT                  953 ALB


     INMATE   NAME
     NUMBER   LAST                FIRST          MI            OLD BALANCE
     DZ0246   KERWIN              RYAN                            248.51

BATCH    DATE
  #    MO DY YEAR    TRANSACTION DESCRIPTION        TRANSACTION  BALANCE AFTER
                                                      AMOUNT      TRANSACTION

8253   09-10-2003  32  ALB COMMISSARY
                       FOR  9/10/2003                   -13.92       234.59
8261   09-18-2003  32  ALB COMMISSARY
                       FOR  9/18/2003                   -18.14       216.45
 638   09-19-2003  37  POSTAGE
                                                         -.60       215.85
 665   09-23-2003  10  MAINTENANCE PAYROLL
                       8/17-9/20/03       PAY GROUP-3    7.20        223.05
 665   09-23-2003  50  ACT 84 TRANSACTION *
                       1130/1999          09/23/03      -1.44        221.61
8267   09-24-2003  32  ALB COMMISSARY
                       FOR  9/24/2003                   -22.67       198.94
8268   09-25-2003  34  ALB CABLE  TV
                       FOR  9/25/2003                   -11.25       187.69
 731   09-26-2003  37  POSTAGE
                                                        -1.98        185.71
 780   10-01-2003  31  OUTSIDE PURCHASES
                       NASCO ARTS & CRAFTS             -26.63        159.08
8274   10-01-2003  32  ALB COMMISSARY
                       FOR 10/01/2003                  -25.33        133.75
 805   10-02-2003  37  POSTAGE
                                                        -4.05        129.70
 872   10-08-2003  39  LEGAL FEES
                       US DISTRICT COURT                -5.00        124.70
 878   10-08-2003  37  POSTAGE
                                                         -.60        124.10
8282   10-09-2003  32  ALB COMMISSARY
                       FOR 10/09/2003                  -17.36        106.74


           NEW BALANCE AS OF THIS STATEMENT ------------------->     106.74
```

```
PAGE    1                      INMATE ACCOUNTS SYSTEM              11-07-2003
D-A-2062                      MONTHLY ACCOUNT STATEMENT                946 ALB


      INMATE   NAME
      NUMBER   LAST              FIRST          MI            OLD BALANCE
      DZ0246   KERWIN            RYAN                            106.74
```

| BATCH # | MO DY YEAR | | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | BALANCE AFTER TRANSACTION |
|---|---|---|---|---|---|
| 932 | 10-15-2003 | 37 | POSTAGE | | |
| | | | | -.60 | 106.14 |
| 8289 | 10-16-2003 | 32 | ALB COMMISSARY | | |
| | | | FOR 10/16/2003 | -35.16 | 70.98 |
| 966 | 10-17-2003 | 38 | INSIDE PURCHASES | | |
| | | | UPS | -3.22 | 67.76 |
| 985 | 10-20-2003 | 13 | PERSONAL GIFT FROM | | |
| | | | MARCHIONE, CHRISTINE    G435595 | 300.00 | 367.76 |
| 985 | 10-20-2003 | 50 | ACT 84 TRANSACTION * | | |
| | | | 1130/1999          10/20/03 | -60.00 | 307.76 |
| 999 | 10-20-2003 | 37 | POSTAGE | | |
| | | | | -2.90 | 304.86 |
| 999 | 10-20-2003 | 37 | POSTAGE | | |
| | | | | -.60 | 304.26 |
| 1006 | 10-21-2003 | 10 | MAINTENANCE PAYROLL | | |
| | | | 9/21-10/18/03       PAY GROUP-3 | 7.92 | 312.18 |
| 1006 | 10-21-2003 | 50 | ACT 84 TRANSACTION * | | |
| | | | 1130/1999          10/21/03 | -1.58 | 310.60 |
| 8295 | 10-22-2003 | 32 | ALB COMMISSARY | | |
| | | | FOR 10/22/2003 | -21.73 | 288.87 |
| 1057 | 10-24-2003 | 37 | POSTAGE | | |
| | | | | -1.06 | 287.81 |
| 1090 | 10-28-2003 | 37 | POSTAGE | | |
| | | | | -.60 | 287.21 |
| 8303 | 10-30-2003 | 32 | ALB COMMISSARY | | |
| | | | FOR 10/30/2003 | -24.37 | 262.84 |
| 8303 | 10-30-2003 | 34 | ALB CABLE  TV | | |
| | | | FOR 10/30/2003 | -11.25 | 251.59 |
| 8309 | 11-05-2003 | 32 | ALB COMMISSARY | | |
| | | | FOR 11/05/2003 | -30.39 | 221.20 |
| 1219 | 11-06-2003 | 37 | POSTAGE | | |
| | | | | -.60 | 220.60 |

```
          NEW BALANCE AS OF THIS STATEMENT -------------------->    220.60
```

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN,                          )
                                      )
              Plaintiff,              )
                                      )
        v.                            )  Civil Action No.  05-93 Erie
                                      )
WILLIAM McCONNELL,                    )
                                      )
              Defendant.              )

## DEFENDANT'S ANSWER TO COMPLAINT

AND NOW, comes the defendant, by his attorneys, Thomas W. Corbett, Jr., Attorney General, Kemal Alexander Mericli, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and files the following answer to plaintiff's complaint:

## FIRST DEFENSE

Defendant responds to plaintiff's factual allegations as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Denied.