IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN        '06 DEC -6 P12:41    : CASE #05-93 ERIE
                                        :
     VS.              CLERK             : MAGISTRATE JUDGE SUSAN BAXTER
                  U.S. DISTRICT COURT
                                        :
LT. WILLIAM McCONNELL                   : DISTRICT JUDGE SEAN MCLAUGHLIN

---

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER (DOC. #64) DISMISSING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, AND INSTRUCTING THE DEFENDANT, SUA SPONTE, TO REFILE THE MOTION RAISING A PREVIOUSLY AND VOLUNTARILY WAIVED AFFIRMATIVE DEFENSE**

**Procedural History**

On August 25, 2005 plaintiff obtained the entry of a default judgment against the defendant's. **(Doc. #24)** On August 29, 2005 the defendant filed a motion to set aside the default judgment **(Doc. #26)** accompanied by an answer to plaintiff's complaint. **(Doc. #25)** Shortly after, on September 9, 2006, the defendant submitted a brief in support of the motion to set aside the entry of default judgment. **(Doc. #29)**

On page 3 of the defendant's answer he raised the following affirmative defense; "The claims presented in this complaint are barred from judicial consideration by the exhaustion requirement of the Prison Litigation Reform Act."

Similarly, on page 2 through 3 of the Defendant's Brief in Support of the Motion to Set Aside the Entry of Default Judgment, the defendant stated; "According to the attachments to his (plaintiff's) complaint, his claims overall are barred for consideration on their merits by this court under the PLRA by the lack of exhaustion and/or procedural default of administrative

1

remedies on his part."

In fact, plaintiff did properly exhaust all available administrative remedies and attached the relevant paperwork related thereto to his complaint as "Exhibit Packet N". However, as the responses to plaintiff's administrative exhaustion efforts will show, prison officials improperly timebarred his grievance and refused to render a decision on its merits at all levels of appeal.

Normally, pursuant to the Third Circuit's holding in **Spruill vs. Gillis, 372 F.3d 218 (3rd Cir. 2004)**, if a prisoner presents an untimely grievance to prison officials and they refuse to address the grievance on its merits as a result of its untimeliness, the prisoner's claims are procedurally defaulted and he is judicially barred from pursuing the defaulted claims in federal court.

However, plaintiff's grievance was not untimely, nor were his claims procedurally defaulted, and on pages 10 through 16 of Plaintiff's Brief in Opposition to the Defendant's Motion to Set Aside the Entry of Default Judgment **(Doc. #28)**, he provided both the court and the defense with a detailed legal argument explaining as such.

The entry of default was ultimately set aside **(Doc. #35)** and after plaintiff filed a Motion for Sanctions as a result of the defendant's noncompliance in discovery **(Doc. #44)** the court scheduled a hearing that was held on March 3, 2006. **(Doc. #54)**

Plaintiff, though not currently in possession of the transcripts from that hearing, can recall the following testimony that was given during that hearing.

    **Judge Baxter:**  What grounds did you (the defense) raise
           in the Motion for Summary Judgment?

    **Plaintiff:**  Procedural Default.

    **Attorney's Freidline and Mericli (hereinafter referred**

**to as the defense):** Your Honor, may we answer that?

**Judge Baxter:** Please do.

**The Defense:** (At this time the defense recited the defenses it litigated in the Motion for Summary Judgment.)

**Plaintiff:** So you didn't raise procedural default?

**The Defense:** No.

**Plaintiff:** So you're waiving this defense?

**The defense:** Yes.

**Judge Baxter:** What's with this procedural default?

**The Defense:** Your Honor, initially we had indicated that we intended to argue that the plaintiff had procedurally defaulted his claims under the exhaustion requirement of the Prison Litigation Reform Act because he had not filed a timely grievance. (close to but not entirely verbatim) However, after careful review we have determined that under the circumstances Mr. Kerwin did properly exhaust his administrative remedies and we have chosen not to litigate that defense. (verbatim)

Subsequent to that hearing, and on November 29, 2006, Judge Baxter issued an order **(Doc. #64)** dismissing the Defendant's Motion for Summary Judgment without prejudice and instructing the defendant, sua sponte, to refile the motion raising a failure to exhaust administrative remedies defense. For the reasons that follow, this court should overrule Judge Baxter's order, reinstate the previously filed motion for summary judgment **(Doc. #52)** absent

3

the nonjurisdictional and voluntarily waived defense, and order Judge Baxter to issue her Report and Recommemdation on the existing motion for summary judgment as is.

**Argument**

The section of the Prison Litigation Reform Act that requires inmates to exhaust administrative remedies prior to bringing federal actions with respect to prison conditions is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction. **Nyhuis vs. Reno**, 204 F.3d 65, 65 (3rd Cir. 2000)

Under §1997e(e) failure to exhaust administrative remedies is not a permissible basis for sua sponte dismissal. **Mitchell vs. Horn**, 318 F.3d 523, 529 (3rd Cir. 2003)  It is an affirmative defense for the defendant (not the court) to plead. **Id** at 529 Therefore, "failure to exhaust available administrative remedies is an affirmative defense...that is waivable. **Handberry vs. Thompson**, 446 F.3d 335, 342 (2nd Cir. 2006)

A defendant is not entitled to concede at the begining of the litigation that prison grievance procedures were not available (or in this case, were properly exhausted) only to assert the contrary 3 years later (10 months in this instance) based on information available to them from the outset. **Handberry at 343**

It was completely impermissible for Judge Baxter to, sua sponte, raise a failure to exhaust administrative remedies defense and instruct the defendant to plead it.  This is particularly the case when you consider that the defense voluntarily waived this defense, conceded that it was meritless and that Judge Baxter, who was well aware of these facts 9 months ago, has waited until now to dredge this defense back up.

       Plaintiff's Motion for Summary Judgment is due
on case #1:CV-03-2253 (Kerwin vs. Varner) on
January 7, 2007 and, being that the instant case

4

is premised on retaliation ensuing from the Varner case, plaintiff requires the court to resolve the instant motion for summary judgment before that date so that he will be able to use the court's findings on the retaliation in his other motion for summary judgment. It has been 8½ months since the last brief on the current motion for summary judgment was filed and that was more than enough time for the Magistrate Judge to issue her report and recommendation on the matter.

Wherefore, plaintiff respectfully requests that this honorable court overrule Judge Baxter's order, reinstate the previously filed motion for summary judgment **(Doc. #52)** absent the nonjurisdictional and voluntarily waived defense, and order Judge Baxter to issue her report and recommendation on the existing motion for summary judgment as is and before January 7, 2007.

Respectfully submitted,

12/3/06
Date

Ryan Kerwin
DZ-0246
SCI-Albion
10745 Route 18
Albion, PA. 16475-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN                  : CASE #05-93 ERIE
                             :
    VS.                      : Magistrate Judge Susan Baxter
                             :
LT. WILLIIAM McCONNELL       : DISTRICT JUDGE SEAN MCLAUGHLIN

---

### CERTIFICATE OF SERVICE

I hereby declare that I mailed a true and correct copy of the attached Objections to the Magistrate Judge's Order to the defendant's counsel at the following address:

Mariah Passarelli
Office of Attorney General
564 Forbes Ave.
6th Floor, Manor Complex
Pittsburgh, PA. 15219

12/3/06
Date

Ryan Kerwin
DZ-0246
SCI-Albion
10745 Route 18
Albion, PA. 16475-0002