```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

RYAN KERWIN                    : CASE #05-93 ERIE

    VS.                        : MAGISTRATE JUDGE SUSAN BAXTER

LT. WILLIAM MCCONNELL          : DISTRICT JUDGE SEAN MCLAUGHLIN

---

### MOTION REQUESTING THE COURT TO CLARIFY
### IT'S DECEMBER 20, 2006 ORDER (DOC. #72)

1. On November 29, 2006 this court dismissed the defendant's motion for summary judgment without prejudice and sua sponte, instructed him to refile the motion raising a previously and voluntarily waived affirmative defense. (Doc. #64)

2. Plaintiff subsequently filed objections to that order (Doc. #65) informing the court that the defendant had verbally waived the affirmative defense the court was instructing him to raise during the March 3, 2006 sanctions hearing. (Doc. #54)

3. In those objections plaintiff requested that the court's order be overruled, that the originally filed motion for summary judgment (Doc. #52) be reinstated absent the waived defense and that the court issue it's report and recommendation on the original motion for summary judgment as is. (Doc. #65 at 4 and 5)

4. On December 20, 2006 this court vacated it's November 29, 2006 order and agreed that plaintiff should be permitted the relief he sought in his objections. (Doc. #72)

5. However, the court simultaneously claimed that it reviewed the

1

transcripts from the March 3, 2006 sanctions hearing and found that defense counsel did not specifically waive the claim plaintiff contends they waived.

6. This ambiguity in the court's order raises several important questions:

   A) On what possible basis does the court claim that defense counsel did not waive this defense?

   B) Were the transcripts altered?

   C) Why was plaintiff granted the relief he sought if the defendant did not waive this defense?

   D) Does plaintiff now have to defend against this defense at trial or is it no longer at issue?

7. This ambiguity also causes several problems:

   A) Plaintiff can not possibly ascertain whether or not he should file objections to that order because he has no idea whether or not the court has deemed this defense will be available to the defendant at trial.

   B) Plaintiff does not know what portion of the transcripts leads the court to believe that the defense in question was not waived.

   C) The order does not provide a sufficient factual basis for it's decision by which a district judge or an appellate court can review the decision in the event a party in this case challenges the order in objections or on appeal.

8. A clarification of the court's order addressing the above

questions and problems is imperative.

WHEREFORE, plaintiff respectfully requests that this honorable court issue a memorandum clarifying it's December 20, 2006 order and addressing the questions and problems previously mentioned herein.

Respectfully submitted,

12/28/06
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002