IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN
'07 JAN -9 P1:05

VS.
CLERK
U.S. DISTRICT COURT

LT. WILLIAM MCCONNELL

: CASE #05-93 ERIE

:

: MAGISTRATE JUDGE SUSAN BAXTER

:

: DISTRICT JUDGE SEAN MCLAUGHLIN

---

## MOTION FOR COURT TO ENTER SUMMARY JUDGMENT

## IN FAVOR OF THE NON-MOVING PARTY (PLAINTIFF)

1. The defendant filed a motion for summary judgment in the above case on March 3, 2006. **(Doc. #52)**

2. Plaintiff filed a brief in opposition to the motion for summary judgment on March 19, 2006. **(Doc. 57)**

3. Plaintiff subsequently filed a motion requesting the court to enter summary judgment in his (the non-movant's) favor. **(Doc. #63)**

4. On November 29, 2006 this court dismissed the defendant's motion for summary judgment without prejudice and instructed him to refile the motion raising a previously waived affirmative defense. Simultaneously, the court dismissed plaintiff's motion for summary judgment for failing to file a supporting brief with it. **(Doc. #64)**

5. Plaintiff subsequently filed objections to the November 29, 2006 order arguing that the defendant had already waived the affirmative defense that the court was, sua sponte, instructing him to raise and that the original motion for summary judgment should be reinstated as is. **(Doc. #65)**

1

6. On December 19, 2006 the court granted plaintiff's objections and directed the clerk to reinstate the original motion for summary judgment without the waived ~~the~~ defense as of that date. In that same order, the court also informed plaintiff that he could refile his motion for summary judgment with a supporting brief before January 22, 2007. **(Doc. #72)**

7. Plaintiff now files the instant motion for summary judgment in his (the non-movant's) favor along with a brief in support thereof, as the defendant's motion for summary judgment, it's supporting affidavits, statement of undisputed facts, etc... raise absolutely no genuine issue as to any material fact sufficient to permit a jury to return a verdict in his favor.

8. Rather, in plaintiff's response to the motion for summary judgment, he shows both that the material facts necessary to support his claims are not in dispute and that he is entitled to judgment as a matter of law.


    WHEREFORE, plaintiff respectfully requests that this honorable court, upon resolution of the defendant's motion for summary judgment, enter judgment in favor of plaintiff (the non-moving party).


                                        Respectfully submitted,


  __1/6/07__                            _Ryan Kerwin_
      Date                              Ryan Kerwin
                                        DZ0246
                                        S.C.I. Albion
                                        10745 Route 18
                                        Albion, PA. 16475-0002