IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN                          : CASE #05-93 ERIE

VS.                                  : MAGISTRATE JUDGE SUSAN BAXTER

LT. WILLIAM MCCONNELL                : DISTRICT JUDGE SEAN MCLAUGHLIN

---

**BRIEF IN SUPPORT OF MOTION FOR COURT TO ENTER SUMMARY JUDGMENT IN FAVOR OF THE NON-MOVING PARTY (PLAINTIFF)**

It has long been established that under the right circumstances, district courts are entitled to enter summary judgment sua sponte. **Couden vs. Duffy, 446 F3d 483, 500 (3rd Cir. 2006)** The court may not enter judgment, however, without "placing the adversarial party on notice that the court is considering a sua sponte summary judgment motion" and providing that party "an opportunity to present relevant evidence in opposition to that motion." **Id, at 500** Notice is satisfied if "the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." **Id, at 500**

In Couden vs. Duffy, the Third Circuit ruled that although "the sua sponte grant of summary judgment, without giving notice to the parties, is not the preferred method by which to dispose of claims," the requirements for a sua sponte grant in favor of the non-movant were satisfied under those exact circumstances in that case. **Id, at 500** This was because the district court's grounds for dismissal were identical to the claims raised by the movants in their motion for summary judgment. **Id, at 500** The movants therefore had notice of all of the issues that the district court would reach and had a fair opportunity to address them in full. **Id, at 500**

In the case at hand, the defendant filed a motion for

1

summary judgment raising a failure to state a claim defense. In opposition, plaintiff filed a reply brief, a statement of undisputed facts and numerous exhibits which show that he, not the defendant, has produced evidence that there are no "genuine" issues as to any "material" fact and that he is entitled to judgment as a matter of law. As a result, summary judgment in favor of plaintiff and not the defendant is appropriate.

Rather than repeat the same argument in his brief in opposition to the defendant's motion for summary judgment, repeat the same undisputed facts and resubmit the same exhibits, plaintiff has opted to file the instant motion for summary judgment in favor of the non-moving party. After all, to defend against the defendant's motion for summary judgment on specific grounds (failure to state a claim in this case) and then move for summary judgment on those very same grounds would be redundant.

This method of requesting summary judgment is entirely proper and it does not prejudice the defendant in any way because he is being given direct notice that plaintiff is moving for judgment in this manner and he has already presented all of his relevant evidence on the grounds by which plaintiff is moving for summary judgment. In fact, the defendant himself initiated the court to resolve the grounds by which plaintiff is now requesting summary judgment on.

WHEREFORE, plaintiff respectfully requests that this honorable court, upon resolution of the defendant's motion for summary judgment, enter judgment in favor of plaintiff (the non-moving party).

Respectfully submitted,

1/6/07
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002