IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN KERWIN                         : CASE #05-93 ERIE

VS.                                 : MAGISTRATE JUDGE SUSAN BAXTER

LT. WILLIAM MCCONNELL               : DISTRICT JUDGE SEAN MCLAUGHLIN

---

### PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS DOCKETED #'S 72, 77 AND 81

**PROCEDURAL HISTORY**

On November 29, 2006 Magistrate Judge Susan Baxter issued an order dismissing the defendant's motion for summary judgment without prejudice and, sua sponte, instructed him to refile the motion for summary judgment raising a previously waived affirmative defense. **(Doc. #64)** On December 3, 2006 plaintiff filed objections to that order arguing that the defendant, through his counsel, had verbally waived the affirmative defense Judge Baxter was, sua sponte, instructing him to raise at the March 3, 2006 sanctions hearing and that the original motion for summary judgment should be reinstated as is. **(Doc. #65)**

Subsequent to those objections, Judge Baxter ordered the court reporter to transcribe the stenographer's notes from the March 3, 2006 sanctions hearing **(Text Order)** and plaintiff filed a motion for the court to provide him with a copy of those transcripts. **(Doc. #70)**

On December 20, 2006 Judge Baxter vacated her November 29, 2006 order and granted plaintiff the relief he sought in his objections. **(Doc. #72)** However, she simultaneously claimed that after reviewing the transcripts from the March 3, 2006 sanctions hearing she found that defense counsel did not "specifically" waive the defense plaintiff contended they waived.

This ambiguity in the court's order confused plaintiff and

1

prompted him to file a motion to clarify the December 20, 2006 order **(Doc. #75)** and a "timely" motion for extension of time to file objections to the order. **(Doc. #76)** At issue in the motion to clarify was the following questions and problems:

6. Questions:

   A) On what possible basis does the court claim that defense counsel did not waive this defense?

   B) Were the transcripts altered?

   C) Why was plaintiff granted the relief he sought if the defendant did not waive this defense?

   D) Does plaintiff now have to defend against this defense at trial or is it no longer at issue?

7. Problems:

   A) Plaintiff can not possibly ascertain whether or not he should file objections to that order because he has no idea whether or not the court has deemed this defense will be available to the defendant at trial.

   B) Plaintiff does not know what portion of the transcripts leads the court to believe that the defense in question was not waived.

   C) The order does not provide a sufficient factual basis for it's decision by which a district judge or an appellate court can review the decision in the event a party in this case challenges the order in objections or on appeal.

   On January 5, 2007 Judge Baxter denied plaintiff's motion to clarify and, as unbelievable as this might sound, his "timely

filed" motion for extension of time to file objections to the December 20, 2006 order. **(Doc. #77)** In doing so, she again stated that defense counsel did not "specifically" waive the affirmative defense plaintiff contended they waived and continued by stating that the defense merely chose not to include such an argument in their motion for summary judgment.

In the December 20, 2006 order Judge Baxter also denied plaintiff's motion for production of the March 3, 2006 sanctions hearing transcripts and instructed him to order a copy of them from the court reporter. Plaintiff complied and filed a formal request to the court reporter on December 28, 2006 requesting that he or she assess costs for the copying of those transcripts and send a copy of them to him. **(Doc. #74)** To date, the court reporter has refused to provide plaintiff with a copy of these transcripts.

On another matter, plaintiff also filed a motion for speedy disposition on January 6, 2007 asking Judge Baxter to resolve the defendant's motion for summary judgment in a prompt manner **(Doc. #80)** which she denied on January 10, 2007. **(Doc. #81)** Plaintiff now files the instant objections to all of the aforementioned orders issued by Judge Baxter in this case.

**ARGUMENT**

1. **Plaintiff hereby objects to Judge Baxter's orders (Doc. #'s 72 and 77) which state that the defense did not waive their procedural default/ exhaustion defense at the March 3, 2006 sanctions hearing.**

First of all, as stated on page 3 of plaintiff's objections to Judge Baxter's November 29, 2006 order **(Doc. #65)**, plaintiff asked the defense if they were waiving the procedural default/ exhaustion defense in question at the March 3, 2006 sanctions hearing and the defense responded by saying yes. On the same page of those same objections plaintiff recited for the court where the defense stated "after careful review we have determined that

3

under the circumstances Mr. Kerwin did properly exhaust his administrative remedies and we have chosen not to litigate that defense." These statements clearly show that the defense not only voluntarily waived the defense in question but conceded that it was meritless under the circumstances surrounding plaintiff's case.

These statements are an accurate account of the testimony given by the defense at that hearing. However, plaintiff is completely unable to make reference to the portion of the transcripts which would reflect these statements because Judge Baxter denied plaintiff's motion for production of these transcripts **(Doc. #72)** and the court reporter has refused to respond to plaintiff's formal request to be provided with them. **(Doc. #74)**

Similarly, the court cannot possibly determine what portion of the transcripts would lead Judge Baxter to believe that the defense did not waive their procedural default/ exhaustion defense because she refused to make any reference to them in her original order on the matter **(Doc. #72)** and because she denied plaintiff's motion to clarify the order which requested that she do so. **(Doc. #77)**

Regardless, unless the transcripts in question were altered they will clearly show that the defense in question has been waived. Therefore, plaintiff respectfully requests that this court conduct a de novo review of the transcripts in question **(Doc. #73)** and at the conclusion of that review, overrule Judge Baxter's orders **(Doc. #'s 72 and 77)** and rule that the procedural default/ exhaustion defense has been waived by defense counsel. Plaintiff also asks that this court provide him with a copy of those same transcripts after assessing any costs related thereto. (Without the prepayment of fees, however, as plaintiff is proceeding in this action in forma pauperis and as an indigent pro se prisoner.)

2. **Plaintiff hereby objects to Judge Baxter's order (Doc. #77) which denied plaintiff's "timely filed" motion for extension**

of time to file objections to the December 20, 2006 order (Doc. #76).

Federal Rule of Civil Procedure 72(b), which relates to pretrial orders issued by magistrate judges, specifically states "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

Plaintiff was served with a copy of the December 20, 2006 order on December 22, 2006. 10 days from the date plaintiff was served with the order made the deadline for filing objections to it January 1, 2007. Exclude December 23, 24, 30, 31 and January 1 from the 10 day timeline because of Federal Rule of Civil Procedure 6(a), which excludes intermediate Saturdays and Sundays and legal holidays like New Years Day from computation when a deadline is under 11 days, and the objection deadline at hand becomes January 8, 2007. (January 6 and 7 are also excluded)

Plaintiff's cash slips from the prison where he is incarcerated reflect that he submitted his motion for extension of time in the prison mailbox on January 1, 2007. **(Exhibit A)** Thus, plaintiff's motion for extension of time was timely filed.

The reasons plaintiff needed the requested extension of time in question are fully explained in the motion requesting the extension of time **(Doc. #76)** and plaintiff's motion requesting the court to clarify it's December 20, 2006 order **(Doc. #75)** and a review of those motions will show that the requested extension of time was clearly warranted.

Wherefore, plaintiff respectfully requests that this honorable court overrule Judge Baxter's order denying plaintiff's motion for extension of time **(Doc. #77)** and address plaintiff's objections to the December 20, 2006 order on their merits.

3. **Plaintiff hereby objects to Judge Baxter's order (Doc. #81) denying plaintiff's motion for speedy disposition of the defendant's motion for summary judgment.**

The substance of plaintiff's position on his motion for speedy disposition **(Doc. #80)** is fully contained therein. Plaintiff therefore requests that this court give the motion a de novo review, and at the conclusion of that review, overrule Judge Baxter's order denying the motion and set a date in the near future that Judge Baxter must issue her report and recommendation on the defendant's motion for summary judgment by.

Respectfully submitted,

1/13/07
Date

Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN | : CASE #05-93 ERIE |
| | : |
| VS. | : MAGISTRATE JUDGE SUSAN BAXTER |
| | : |
| LT. WILLIAM MCCONNELL | : DISTRICT JUDGE SEAN MCLAUGHLIN |

### CERTIFICATE OF SERVICE

I hereby declare that I mailed a true and correct copy of the attached objections to the defendant's counsel at the following address:

Mariah Passarelli
Office of Attorney General
Manor Complex
564 Forbes Ave.
Pittsburgh, PA. 15219


1/13/07
Date

*Ryan Kerwin* (signature)
Ryan Kerwin
DZ0246
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0002