IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN  Plaintiff | ) CIVIL ACTION # 05-93 ERIE )  ) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER ) |
| LT. WILLIAM MCCONNELL  Defendant | ) ) DISTRICT JUDGE SEAN MCLAUGHLIN |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SUSAN BAXTER'S REPORT AND RECMMENDATION ISSUED ON AUGUST 16, 2007

**I. Factual History;**

On July 23, 2003 plaintiff filed a grievance to Superintendent William Wolfe addressing numerous instances of threatening abuse by various correctional employees at his prison. **(Verif. Cmplt. at 4)** In one of those instances, Rod Showers told plaintiff that "He already heard about the lawsuit plaintiff was preparing to file against S.C.I. Smithfield and that he better reconsider filing it or he would regret it." **(Id. at 5)**

On August 5, 2003 Lt. McConnell (hereinafter referred to as defendant) had plaintiff called down to intake to conduct an interview regarding the grievance plaintiff filed about the abuse. **(Id. at 6)** plaintiff then explained to defendant the situation in full. **(Id. at 7)**

On August 25, 2003, three weeks after defendant's interview, S.C.I. albion received a letter from the Huntingdon County Courthouse confirming that plaintiff had in fact filed his lawsuit. **(Id. at 8)** the very next day, On August 26, 2003, plaintiff was issued a misconduct by defendant for filing the grievance he

submitted to Superintendent Wolfe. **(Id. at 9)**

Defendant alleged in the misconduct that the facts he relied upon when issuing it was the fact that he interviewed an inmate Clark, which plaintiff submitted as a witness, and that Clark did not support plaintiff's version of events contained in the grievance. **(Id. at 10)** However, this was not the case, inmate Clark did support plaintiff's version of events and he made that clear in the interview he had with the defendant **(Id. at 11)**

On September 2, 2003 plaintiff had his misconduct hearing and he requested that he be allowed to call inmate Clark as a witness. **(Id. at 12)** However, the hearing examiner Ivory Barnett denied plaintiff this witness, found him guilty of the charges and sentenced him to 30 days cell restriction. **(Id. at 13)**

On September 22, 2003, S.C.I. Albion received another letter from the Huntingdon County Courthouse confirming that his lawsuit was served upon all of the defendants in his complaint. **(Id. at 14)** Plaintiff then received another misconduct that very same day for asking the block officer if he could use the stapler and to sign his cash slips. (The basis for the misconduct was because plaintiff was on cell restriction for the original misconduct.) **(Id. at 15)** Plaintiff was then found guilty at the misconduct hearing and was sentenced to another 30 days cell restriction. **(Id. at 16)**

Both misconducts were put in plaintiff's prison file and were viewed by the parole board during all of his parole hearings (4 hearings to date). Plaintiff received a parole hit every time up and the board cited misconducts as one of the reasons for his hit on every green sheet. **(Id. at 17)**

Plaintiff's current civil action before the court raises a First Amendment Retaliation Claim against the defendant for issuing plaintiff a misconduct for filing a grievance and for filing a lawsuit. **(Id. at 19)** In relation thereto, plaintiff requests compensatory, nominal, exemplary and punitive damages, a jury trial, the expungement of both retaliatory misconducts from his prison record, attorney fees and the costs incurred from the filing and litigation of his civil action.

## II. Procedural History;

On March 3, 2006, the defendant filed a motion for summary judgment on the above captioned case. **(Doc. #52 ; subsequently reinstated as Doc. #73)** On March 21, 2006, plaintiff filed a brief in opposition to the motion for summary judgment **(Doc. #57)** and then filed his own cross-motion for summary judgment on January 6, 2007. **(Doc. #78)**

On August 16, 2007, Magistrate Judge Susan Baxter filed a report and recommendation denying both motions for summary judgment and ordering the parties to file pretrial narrative statements. **(Doc. #86)**

Plaintiff now files the instant objections to Judge Baxter's report and recommendation denying his motion for summary judgment.

## III. Standard of Review;

A district court may grant summary judgment for the movant when the non-movant has failed to present any genuine issues of material fact. **Krouse vs. American Sterilizer Correctional Officer, 126 F3d 494, 500 n.2 (3rd Cir. 1997)**

Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." **Firemans Ins. Correctional Officer of Newark, N.J. vs. DuFresne**, 676 F2d 965, 969 (3rd Cir. 1982)

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. **Celotex Corp. vs. Catrett**, 477 U.S. 317, 322 (1986) ; **County Floors Inc. vs. Partnership Composed of Gepner and Ford**, 930 F2d 1056, 1061 (3rd Cir. 1990). Legal memoranda and oral argument are not evidence and cannot create a factual dispute that prevents summary judgment. **Orson Inc. vs. Miramax Film Corp.,** 79 F3d 1358, 1372 (3rd Cir. 1996)

See also, **Berk vs. Ascott Inv. Corp.**, 759 F.Supp. 245, 249 (E.D. Pa. 1991) (Parties who submit documents and other exhibits to support or oppose motions for summary judgment must attach a Rule 56(e) affidavit that, upon personal knowledge, both identifies and authenticates each document. Documents that fail to satisfy this affidavit authentication requirement may be properly disregarded by the court.)

**IV. Argument;**

The defendant in this case has submitted absolutely no admissible evidence

which could either support or defend against the motions for summary judgment in this case. He has not produced one single affidavit, interrogatory, admission, deposition or authenticated exhibit to create a genuine factual dispute throughout the entire litigation of this case.

Plaintiff, on the other hand, has produced both sworn affidavits and authenticated exhibits which are essential to the material facts of the case. Plaintiff's statement of events, taken as true, entitle him to summary judgment as a matter or law and the defendant has not contradicted any of plaintiff's evidence with any type of admissible evidence of his own. None whatsoever. Judge Baxter even concedes to this fact on page 7 of her report and recommendation. **(Doc. #86, pg. 7)**

The defendant's lack of admissible evidence, which he is required to produce at the summary judgment stage, has created absolutely no material factual dispute. Therefore, Judge Baxter erred in concluding that any genuine factual disputes exist and that plaintiff is not entitled to the grant of summary judgment in his favor.

WHEREFORE, plaintiff respectfully requests that this honorable court overrule Judge Baxter's report and recommendation and enter summary judgment in his favor.

Respectfully submitted,

Date: 9/8/07

*Ryan Kerwin* (signature)

Ryan Kerwin
DZ0246
Kintoch
301 East Erie Avenue
Philadelphia, PA. 19134

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN,<br>    Plaintiff | ) CIVIL ACTION # 05-93 ERIE<br>)<br>) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER<br>) |
| LT. WILLIAM MCCONNELL,<br>    Defendant | )<br>) DISTRICT JUDGE SEAN MCLAUGHLIN |

## ORDER

Upon Consideration of the attached Objections to Judge Baxter's Report and Recommendation Issued on August 16, 2007, it is hereby,

Ordered and Directed, that plaintiff's objections are sustained, Judge Baxter's Report and Recommendation is overruled and summary judgment is hereby entered in plaintiff's favor.

                                                                                                                                                                                            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, <br>     Plaintiff | ) CIVIL ACTION # 05-93 ERIE <br> ) <br> ) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER <br> ) |
| LT. WILLIAM MCCONNELL, <br>     Defendant | ) <br> ) DISTRICT JUDGE SEAN MCLAUGHLIN |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached Objections to Magistrate Judge Susan Baxter's Report and Recommendation Issued on August 16, 2007 was served upon the following party via the U.S. Postal service and via electronic filing:

Mariah Passarelli
Office of the Attorney General
564 Forbes Ave.
Pittsburgh, PA. 15219

mpassarelli@attorneygeneral.gov

Respectfully submitted,

Date: 9/8/07

Ryan Kerwin
DZ0246
Kintoch
301 East Erie Avenue
Philadelphia, PA. 19134