FILED
SEP 19 2007
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

SEP 19 2007
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN KERWIN, | ) | CIVIL ACTION # 05-93 ERIE |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | MAGISTRATE JUDGE SUSAN BAXTER |
| | ) | |
| LT. WILLIAM MCCONNELL, | ) | |
| Defendant | ) | DISTRICT JUDGE SEAN MCLAUGHLIN |

### PLAINTIFF"S PRE-TRIAL NARRATIVE STATEMENT

**I. Material Facts;**

During April of 2003 plaintiff was residing on H-B block in the restricted hosing unit of S.C.I. Smithfield. Also residing on that block during that time was an inmate named Justin Corliss who had a lawsuit pending against Smithfield in the Huntingdon County Court of Common Pleas. (Corliss vs. Varner, case #2002-260)

Upon request, plaintiff prepared and signed an affidavit for Mr. Corliss regarding the officer elicited assaults and other related misconduct he witnessed at Smithfield while on J-B block during December 2001 and january 2002 and regarding Smithfield's failure to protect him from a cellmate who was making threats to assault him.

After completing the affidavit plaintiff placed it in a section of a newspaper and gave it to a block officer who he asked to pass it to Mr. Corliss. Plaintiff was unable to pass the affidavit to Mr. Corliss himself because both he and Corliss were residing in the RHU at the time.

The officer agreed to pass the newspaper but once plaintiff handed it to him he opened it to see if anything was hidden in it. The officer then discovered the affidavit and read it. After reading the affidavit the officer passed both the affidavit and the newspaper

1

back to plaintiff and told him that "He could not pass that." The next morning Mr. Corliss was transferred out of Smithfield and plaintiff was moved to another restricted housing unit. (J-block)

A few months later plaintiff was moved back to H-block and on July 9, 2003, while on H-A block (a partial general population block), plaintiff passed inmate Jesse Baker several pre-prepared affidavits (with a court caption on each) related to a lawsuit plaintiff was preparing to file against Smithfield. Plaintiff instructed Mr. Baker to see to it that the affidavits were distributed to specific inmates whose testimony was needed to substantiate the claims in the lawsuit plaintiff was preparing to file.

On July 10, 2003, Mr. Baker informed plaintiff that he brought the affidavits to the yard and had his cousin Joseph Cortino hold them for him by placing them in the fieldhouse where he worked. When yard was terminated Mr. Baker forgot to retrieve the affidavits and it was subsequently discovered that Mr. Cortino left them in the field house when he left the yard.

The next yard both Mr. Baker and Mr. Cortino went to the field house to retrieve the affidavits and discovered that they were missing. After this yard Mr. Baker returned to H-A block, told the bock officers what had happened and asked if they could contact the officers who secured the fieldhouse after yard was terminated and ask them if they had taken the affidavits. The block officers made the call and subsequently conveyed to Mr. Baker that the officers who secured the fielhouse said that they did not find any affidavits in it.

On July 15, 2003, only 5 days after the affidavits wound up missing, plaintiff was transferred from S.C.I. Smithfield to S.C.I. Albion. Prior to plaintiff's transfer to Albion

he was strip searched in the holding cells of Smthfield by an Albion transport officer named Sgt. Rhoades. During that search, and in the presence of inmates William Clark and Kenneth Valentine, Sgt. Rhoades sexually harassed plaintiff by ordering him to lift his penis and testicles seperately six consecutive times, by ordering him to spread his buttocks wider four seperate times and even ordered plaintiff to allow him to look into his nose.

When plaintiff would begin to protest these orders Sgt. Rhoades would immediately scold him and threaten him with a misconduct for refusing to obey an order. Sgt. Rhoades used repeated profanity toward plaintiff and told him to "Get used to this type of treatment because there will be much more of it after plaintiff got to Albion."

Shortly after this incident plaintiff was handcuffed and placed in another cell with the rest of the inmates awaiting transfer. At that time the correctional officers were calling the names of inmates who were ordered to leave the cell and state their prison identification number as they were leaving. When the officer called plaintiff's name he was told "Don't say anything, I already know your number." Inmates Clark and Valentine witnessed this incident as well.

Plaintiff was then placed on the bus with the rest of the inmates who were being transferred and subseqently arrived at S.C.I. Houtzdale. After the inmates who were to be housed at Houtzdale exited the bus a bus officer stated "Kerwin, your headed for Albion right?" When plaintiff stated "yes" the bus officers began to mumble with each other and then laugh out loud. One again, inmates Clark and Valentine were present to witness this incident.

After plaintiff arrived at Albion this type of harassment progressed considerably.

The morning of plaintiff's first full day at Albion, he was called down to see the psychiatrist in the education building. Accompanying plaintiff was inmate Clark, who was also called down to see the psychiatrist at that time. When plaintiff and Clark approached the education building door plaintiff was stopped by two officers who made numerous statements to him including that "They have already heard about him" and that "He looked like a troublemaker." The officers also stated that "Plaintiff would be picking up trash by the end of the week." Not coincidentally, plaintiff was forced to pick up trash on July 23, 2003.

That very same day (July 23rd), after breakfast, plaintiff was pulled over outside of the chow hall and patted down in a rough inappropriate manner. During that pat down, plaintiff was verbally harassed by three officers, one of whom repeatedly instructed the other two officers to "Hook plaintiff up with a write-up" and to "Just make up a reason."(For issuing the write-up)

The previous day, on July 22, 2003, the motive behind all of this harassment was made clear to plaintiff after meeting with a corrections counselor named Rod showers. Plaintiff was called into Mr. Showers office that day because of a grievance he had filed about being threatened into signing a cell card contract and another for being celled with an inmate who smoked (Plaintiff is a non-smoker) and for falling off the top bunk twice ue to the absence of top bunk safety bars. During that meeting plaintiff was told by Mr. Showers that Showers was a former employee of S.C.I. Smithfield who knows Sue Hannah (Plaintiff's former unit manager at Smithfield and a defendant in his lawsuit against Smithfield) and Ms. Zimmerman (Plaintiff's former block counselor at Smithfield) and that "He already heard about the lawsuit plaintiff was preparing to file

against Smithfield." Showers also stated that plaintiff "Better reconsider filing suit" or "He would regret it" and "Showers officers have no problem dealing with troublemakers."

On July 23, 2003, plaintiff filed a grievance to Superintendent William Wolfe informing him of the harassment the Albion Correctional Officers were directing toward plaintiff, the threat by Mr. Showers, the affidavits that were intercepted by Smithfield and the lawsuit plaintiff was going to file against Smithfield. That same day the J-block officers put 2 negative behavior entries in plaintiff's cumulative adjustment record.

On August 5, 2003, Lt. William McConnell had plaintiff called down to intake to conduct an interview regarding the grievance plaintiff filed. Plaintiff then explained the facts contained in his grievance to Lt. McConnell in full.

On August 25, 2003, (three weeks after plaintiff's interview with Lt. McConnell) S.C.I. Albion received and time stamped a letter from the Huntingdon County Courthouse which confirmed that plaintiff had in fact filed his lawsuit. The very next day, on August 26, 2003, Mr. Showers threat about filing the lawsuit came true and plaintiff was issued a misconduct by Lt. McConnell for filing the grievance he submitted to Superintendent Wolfe.

Lt. McConnell alleged in the misconduct that the facts he relied upon when issuing it was the fact that he interviewed inmate Clark (an inmate plaintiff submitted as a witness during his interview with McConnell) and that Clark did not support plaintiff's version of events regarding the harassment contained in his grievance. However, this was not the case, inmate Clark has provided plaintiff with a sworn affidavit avering plaintiff's version of events are true and that he made that fact clear during the interview he had

with Lt. McConnell.

On Setember 2, 2003, plaintiff had his misconduct hearing and he requested that he be allowed to call inmate Clark as a witness. However, the hearing examiner Ivory Barnett denied plaintiff the right to call this witness, found him guilty of the charges and sentenced him to 30 days cell restriction.

On September 22, 2003, S.C.I. Albion received another letter from the Huntingdon County Courthouse which confirmed that plaintiff's lawsuit was served upon all of the defendants contained therein. Once again, in conformity with Mr. Showers threat, plaintiff received another misconduct that very same day for asking the block officer if he could use the stapler and to sign his cash slips. The basis for this misconduct was because plaintiff left his cell to use the stapler and have cash slips signed while he was on cell restriction for the original misconduct. This is despite the fact that plaintiff left the cell to do these things during blockout move time as permitted by D.O.C. policy. Nonetheless, plaintiff was again found guilty at his misconduct hearing and was sentenced to serve another 30 day consecutive term of cell restriction.

Both of these misconducts were put in plaintiff's prison file and were viewed by the parole board during all four of plaintiff's parole hearings. Plaintiff was denied parole each time and the parole board cited misconducts as one of the reasons for denying plaintiff parole on all four green sheets.

## II. Statement of Damages;

Plaintiff, Ryan Kerwin, seeks compensatory, nominal, exemplary and punitive damages from Lt. William McConnell for retaliating against him in reprisal for filing a

6

grievance and a lawsuit, for the 60 days spent on cell restriction, for the adverse affect the two misconducts had on plaintiff's chances for parole and for all of the anguish and emotional suffering resulting therefrom. Plaintiff also seeks the reimbursement of any attorney fees and costs incurred as a result of this litigation.

### III. Witnesses;

>Ryan Kerwin (Liability and Damages)
>Kintoch
>301 East Erie Avenue
>Philadelphia, PA. 19134
>(215)-291-7600
>
>William Clark DD5461 (Liability and Damages)
>S.C.I. Albion
>10745 Route 18
>Albion, PA. 16475-0001
>(814)-756-5778
>
>Kenneth Valentine EJ0584 (Liability and Damages)
>S.C.I. Albion
>10745 Route 18
>Albion, PA. 16475-0001
>(814)-756-5778
>
>Justin Corliss DU3428 (Liability)
>S.C.I. Somerset
>1590 Walters Mill Road
>Somerset, PA. 15510-0001
>(814)-443-8100
>
>Jesse Baker DM4902 (Liability)
>S.C.I. Pittsburgh
>P.O. Box 99901
>Pittsburgh, PA. 15233
>(412)-761-1955
>
>Anthony Vick CL0245 (Liability)
>S.C.I. Fayette
>50 Overlook Drive

7

LaBelle, PA. 15450-1050
(724)-364-2200

Anthony Defranco CZ3518 (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Joseph Cortino (Liability)
1522 Haines Road
Levittown, PA. 19056
(267)-987-2676

William McConnell (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Rod Showers (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Sue Hannah (Liability)
S.C.I. Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, PA. 16652
(814)-643-6520

Sgt. Rhoades (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Officer Spurlock (Liability)
S.C.I. Albion
10745 Route 18
Albion PA. 16475-0001
(814)-756-5778

Officer Sabol (Liability)
S.C.I. Albion

```
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Officer Woznicki (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Officer Rinella (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778

Ivory Barnett (Liability)
S.C.I. Albion
10745 Route 18
Albion, PA. 16475-0001
(814)-756-5778
```

**IV. Plaintiff's Exhibits;**

**P-1** Plaintiff's grievance submitted to superintendent Wolfe on July 23, 2003.

**P-2** The misconduct Lt. McConnell issued plaintiff for filing his grievance against Albion and his lawsuit against Smithfield.

**P-3** Letter from the Huntingdon County courthouse dated August 22, 2003.

**P-4** Order granting plaintiff leave to proceed in forma pauperis on his suit against Smithfield.

**P-5** Affidavit of William Clark.

**P-6** Plaintiff's witness request form for his misconduct.

**P-7** Plaintiff's misconduct disposition form.

**P-8** Letter from the Huntingdon County courthouse dated september 18, 2003.

**P-9** Sheriff's return of service forms in Smithfield suit.

**P-10** The misconduct Officer Rinella issued plaintiff for asking to have cash slips signed and to use the stapler while on cell restriction for the misconduct Lt. McConnell issued him.

**P-11** Request form submitted by inmate Anthony Vick to Officer Woznicki.

**P-12** Copy of cell restriction rules.

**P-13** Copy of B-unit rules at Albion.

**P-14** Plaintiff's misconduct disposition form for his second misconduct.

**P-15** Plaintiff's Cumulative Adjustment Record.

**P-16** plaintiff's inmate account statements from September, October and November of 2003.

**P-17** Plaintiff's first green sheet from parole.

**P-18** Plaintiff's second green sheet from parole.

**P-19** Plaintiff's third green sheet from parole.

**P-20** Plaintiff's fourth green sheet from parole.

**P-21** Interrogatory from Anthony Defranco to Rod Showers on case #04-230 ERIE.

**P-22** Rod Showers answer to Anthony Defranco's interrogatory on case #04-230 ERIE.

**P-23** Portion of Anthony Defranco's civil action detailing threats by Rod Showers in response to Defranco stating he intended to sue Albion on case #04-230 ERIE.

**P-24** Request form from Anthony Defranco to Major Gates concerning Rod Showers threat on case #04-230 ERIE.

**P-25** Portion of Anthony Defranco's objections making reference to retaliatory threats by Sgt. Rhoades in relation to his filing a lawsuit against Albion on case #04-230 ERIE.

**P-26** Portion of Anthony Defranco's reply brief making reference to retaliatory threats by Sgt. Rhoades in relation to his filing a lawsuit against Albion on case #04-230 ERIE.

**P-27** Plaintiff's first set of interrogatories.

**P-28** Lt. McConnell's response to plaintiff's first set of interrogatories

**P-29** Allegations of Abuse Investigation prepared by Lt. McConnell.

**P-30** Plaintiff's first request for production of documents.

**P-31** Albion officer log from August 5, 2003 to August 26, 2003.

**P-32** Lt. McConnell's answer to plaintiff's complaint.

**P-33** Plaintiff's grievance in relation to the misconduct issued by Lt. McConnell. (#106826)

**P-34** Response to grievance #106826.

**P-35** Superintendent's response to grievance #106826.

**P-36** Plaintiff's appeal to the Office of Inmate Grievances and Appeals on grievance #106826.

**P-37** Office of inmate Grievances and Appeals' response to grievance #106826.

**P-38** Plaintiff's appeal to the misconduct issued by Lt. McConnell. (#A495879)

**P-39** Program Review Committee's response to plaintiff's appeal on misconduct #A495879.

**P-40** Plaintiff's appeal to the superintendant on misconduct #A495879.

**P-41** Superintendent's response to plaintiff's appeal on misconduct #a495879.

**P-42** Plaintiff's appeal to the Office of Inmate Grievances and Appeals on misconduct #A495879.

**P-43** Office of Inmate Grievances and Appeals' response to plaintiff's appeal on misconduct #A495879.

**P-44** Excerpts from transcripts from hearing conducted on March 3, 2006 where court denied plaintiff's motion to compel discovery that would lead to the identities of his witnesses that were on the Albion transport bus. (Doc. #54)

**V. Pre-Trial Motions;**

Plaintiff will file a Motion In Limine seeking to exclude his criminal record, any unrelated misconduct reports and any unrelated civil actions due to potential prejudice pursuant to Federal rule of Evidence 403. Plaintiff will also file a Motion In Limine seeking to exclude the same in regards to all of his incarcerated and formerly incarcerated witnesses.

Respectfully submitted,

Date: 9/16/07

Ryan Kerwin

Ryan Kerwin DZ0246
Kintoch
301 East Erie Ave.
Philadelphia, PA. 19134

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, <br>     Plaintiff | ) CIVIL ACTION # 05-93 ERIE <br> ) <br> ) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER <br> ) |
| LT. WILLIAM MCCONNELL, <br>     Defendant | ) <br> ) DISTRICT JUDGE SEAN MCLAUGHLIN |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached Pre-Trial Narrative Statement was served upon the following party via the U.S. Postal service and via electronic filing:

Mariah Passarelli
Office of the Attorney General
564 Forbes Ave.
Pittsburgh, PA. 15219

mpassarelli@attorneygeneral.gov

Respectfully submitted,

Date: 9/16/07

Ryan Kerwin
DZ0246
Kintoch
301 East Erie Avenue
Philadelphia, PA. 19134