IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN KERWIN, | ) | Civil Action No. 05-93E |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Sean J. McLaughlin |
| V. | ) | |
| | ) | |
| LT. WM McCONELL, | ) | |
| | ) | |
| Defendant. | ) | Electronically filed. |

DEFENDANT'S PRETRIAL STATEMENT

AND NOW, comes the defendant, Lt. William McConnell, by this attorneys, Mariah L. Passarelli, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, and respectfully submit the following pretrial statement:

I.  NATURE OF THE CLAIM

Plaintiff, Ryan Kerwin, is a parolee currently in the custody of the Pennsylvania Board of Probation and Parole (hereinafter, the Board) in the Kintock Group Community Corrections Center located (hereinafter, the Kintock CCC) located in Philadelphia. However, at all relevant times, Plaintiff was an inmate in the custody of the Pennsylvania Department of Corrections (DOC).  Plaintiff has brought the instant action pursuant to 42 U.S.C. § 1983 against a DOC employee – Lt. William McConnell – regarding events alleged to have occurred in 2003.

Specifically, Plaintiff claims that he was sexually harassed by various individuals while being transferred on a transport bus from the State Correctional Institution at Smithfield (SCI-Smithfield) to the State Correctional Institution at Albion (SCI-Albion)

in July, 2003.[1]  Plaintiff claims that, upon submission of a grievance regarding these events, he was cautioned by a non-defendant member of the SCI-Albion staff that that person had "already heard about the lawsuit plaintiff was preparing against SCI-Smithfield."  Plaintiff states that he filed the grievance despite this warning and that the matter was subsequently investigated by defendant McConnell.

Plaintiff claims that he was interviewed by McConnell on August 5, 2003, and later received a misconduct from defendant McConnell on August 26, 2003, only after SCI-Albion purportedly received official word from the Court that Plaintiff's lawsuit against staff at SCI-Smithfield had been filed.

Plaintiff contends that he was subsequently found guilty of the misconduct issued by defendant McConnell and sentenced to 30 days in-cell restriction by a non-defendant hearing examiner.  Plaintiff also claims that this misconduct conviction was used by the Board as justification for denying him parole during his subsequent two years of consideration.[2]  Plaintiff demands nominal, exemplary, and punitive damages.

The evidence will show that defendant McConnell was indeed assigned to investigate the allegations of abuse in Plaintiff's grievance and that, in doing so, McConnell interviewed the involved staff members, as well as several inmate witnesses. Defendant McConnell concluded that Plaintiff's version of the events was entirely uncorroborated, and thus, issued him a misconduct for lying.

---

[1] Importantly, Plaintiff has not named any of these individuals as defendants in this matter.

[2] In his Complaint, Plaintiff also mentions a second misconduct issued in September, 2003 and a corresponding resulting period of cell restriction.  Claims related thereto are irrelevant, however, because that misconduct was not issued by defendant McConnell, and thus, need not be discussed in this case.

Plaintiff was subsequently found guilty of that misconduct by the non-defendant hearing examiner and sentenced to 30 days of in-cell restriction.  Moreover, a review of the Board next two annual parole decisions reveals that many factors were considered by the Board in making its decision and that the misconduct issued by defendant McConnell was not specifically mentioned among them.

Defendant McConnell specifically denies having issued Plaintiff the misconduct based any unlawful, retaliatory motive, including Plaintiff's having filed previous lawsuits and / or grievances against the DOC.  Thus, Plaintiff is not entitled to any damages whatsoever.

## II. DAMAGES

Plaintiff seeks the award of nominal, exemplary, and punitive damages.

The defendant is not seeking damages in this case.

## III. WITNESSES

The defendant may call any or all of the following individuals as witnesses at trial:

1.      Officer Spurlock
        c/o undersigned counsel

        At all relevant times, Officer Spurlock was an employee of the DOC. Officer Spurlock was one of the individuals who transported Plaintiff to SCI-Albion, and he was interviewed by defendant McConnell regarding that event.

2.      Officer Sabol
         c/o undersigned counsel

At all relevant times, Officer Sabol was an employee of the DOC.  Officer Sabol was one of the individuals who transported Plaintiff to SCI-Albion, and he was interviewed by defendant McConnell regarding that event.


3.      Sgt. Rhoades
         c/o undersigned counsel

At all relevant times, Sgt. Rhoades was an employee of the DOC.  Sgt. Rhoades was one of the individuals who transported Plaintiff to SCI-Albion, and he was interviewed by defendant McConnell regarding that event.


4.      Rod Showers
         c/o undersigned counsel

At all relevant times, Mr. Showers was an employee of the DOC.  Mr. Showers was Plaintiff's Unit Manager upon Plaintiff's arrival at SCI-Albion, and was interviewed by defendant McConnell.


5.      Inmate Valentine
         c/o undersigned counsel

At all relevant times, inmate Valentine was a prisoner in the custody of the DOC.  He was identified as a witness to the events purported to occur during Plaintiff's transport to SCI-Albion and was interviewed by defendant McConnell regarding that event.


6.      Inmate Clark
         c/o undersigned counsel

At all relevant times, inmate Clark was a prisoner in the custody of the DOC.  He was identified as a witness to the events purported to occur during Plaintiff's transport to SCI-Albion and was interviewed by defendant McConnell regarding that event.

7.     Ivory Barnett
       c/o undersigned counsel

       At all relevant times, Mr. Barnett was an employee of the DOC.  Mr.
       Barnett was the hearing examiner that presided over Plaintiff's relevant
       misconduct hearing.


8.     Lt. William McConnell
       c/o undersigned counsel

       At all relevant times, Lt. McConnell was an employee of the DOC who
       has been named as a defendant in this action.


9.     Plaintiff


10.    Any individual identified in Plaintiff's Pretrial Statement


## IV.  EXHIBITS

1.     Misconduct No. A495879, and associated documents


2.     Plaintiff's Complaint of Abuse regarding his July, 2003 transfer to SCI-
       Albion (identified by Plaintiff as a "grievance), and associated documents


3.     Notice of Board decision, recorded November 5, 2003


4.     Notice of Board decision, recorded October 29, 2004


5.     Memorandum from defendant McConnell regarding Plaintiff's allegation
       of abuse, dated August 27, 2003


6.     DC-ADM 801, Inmate Discipline Policy


7.     Any exhibit identified in Plaintiff's Pretrial Statement

## V.  UNUSUAL LEGAL ISSUES

1.      It is important to note that Plaintiff is no longer in the custody of the DOC. He is in the custody of the Board and is housed in a Community Corrections Center in Philadelphia, PA.  As such, a Writ of Habeas Corpus ad Testificandum is not needed to permit Plaintiff's presence at trial.  However, Plaintiff – just as any ordinary citizen – is responsible for making arrangements for his own attendance at trial.  Specifically, Plaintiff will have to obtain the necessary permission to leave the CCC, will have to make logistic arrangements for his transportation to and from Erie, and will have to finance his travel and overnight accommodations.

2.      Moreover, Plaintiff has identified six (6) inmates and ten (10) members of the DOC staff as witnesses in his Pretrial Statement.  However, "[t]here is no provision in the (forma pauperis) statute for the payment by government (i.e., the court) of the costs of deposition transcripts, or any other litigation expenses, and no statute authorizes a court to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant."  Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993).  Cf., Boring v. Kozakiewicz, 833 F.2d 468, (3d Cir. 1987) (the district court cannot pay for indigent plaintiff's expert witnesses in a civil suit); In re Richards, 914 F.2d 1536, 1537 (6th Cir. 1990) (technically, an indigent civil rights plaintiff has no right to free copies of discovery documents made for him at public expense; Toliver v. Community Action Committee to Help the Economy, Inc., 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985).

Thus, while undersigned counsel has agreed to provide the Court with the inmate numbers and current locations of the inmate-witnesses identified in Plaintiff's Pretrial

Statement, Plaintiff will need to pay all appropriate witness and subpoena fees, etc., with regard to the DOC employees he has listed therein.

## VI.  TRIAL TIME ESTIMATE

The defendant's case in chief is expected to take a day or less.  As such, trial is anticipated to take one (1) to two (2) days.

## VII.  RESERVATIONS

1.      Defendant reserves the right to file a Supplement Pretrial Statement.

2.      Defendant reserves the right to object to the authenticity and admissibility of Plaintiff's exhibits and / or witnesses in motions in limine or at trial as accordingly directed by the pertinent Orders of Court in this case.

<div style="margin-left:50%">

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:     __/s/  Mariah L. Passarelli_____
MARIAH L. PASSARELLI
Deputy Attorney General
PA I.D. No. 202469

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

</div>

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-3579

Date:   October 15, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **RYAN KERWIN,** | | ) | **Civil Action No. 05-93E** |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | **Judge Sean J. McLaughlin** |
| **V.** | | ) | |
| | | ) | |
| **LT. WM McCONELL,** | | ) | |
| | | ) | |
| | **Defendant.** | ) | **Electronically filed.** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the within **Defendant's Pretrial**

**Statement** was electronically filed with the Court and served upon the following via

first-class mail:

RYAN KERWIN
Kintoch Erie Community Correctional Facility
301 Erie Avenue
Philadelphia, PA  19124


___/s/ Mariah L. Passarelli_____
MARIAH L. PASSARELLI
Deputy Attorney General



OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-3579

Date:   October 15, 2007