IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, ) | |
| ) | Civil Action No. 05-0093E |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Judge Sean J. McLaughlin |
| LT. WILLIAM McCONNELL, ) | |
| ) | |
| Defendant. ) | Electronically Filed. |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

Plaintiff has brought a Section 1983 action against Lieutenant William McConnell, alleging that Lt. McConnell issued him a misconduct for lying to staff in retaliation for Plaintiff filing a grievance and/or filing a lawsuit against staff at SCI-Smithfield. The only claim in the complaint is one for retaliation against Lt. McConnell. There are no other claims and no other defendants. See generally, Complaint.

Pursuant to F.R.E. 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Pursuant to F.R.E. 402, "[e]vidence which is not relevant is not admissible." During the telephonic pretrial conference held October 19, 2007, this Honorable Court held that the misconduct issued to Plaintiff by Officer Rinella, misconduct number A436723, was not relevant to this matter. This Honorable Court also held that certain occurrences at SCI-Smithfield were not relevant in this case. Pursuant to these rulings, the Court also barred the testimony of Corliss, Baker, Vick, Cortino, Hannah, Woznicki, and Rinella as

irrelevant.[1]  Proposed Plaintiff's exhibits P-10, P-11, P-12, P-13, and P-14 are documents relating to the misconduct deemed inadmissible by the Court.  Therefore, these documents are necessarily irrelevant, and thus are inadmissible.  See F.R.E. 401, 402.

In addition, a portion of proposed Plaintiff's exhibit P-38 concerns this inadmissible misconduct.  Therefore, the portions of this proposed exhibit that deal with the irrelevant misconduct are inadmissible as well.  See id.  Proposed Plaintiff's exhibits P-3, P-4, P-8, and P-9 are related to the occurrences at SCI-Smithfield deemed inadmissible by the Court.  Therefore, these documents are necessarily irrelevant, and thus are inadmissible.  See id.

Plaintiff also lists as exhibits Plaintiff's first set of interrogatories (P-30), and "excerpts from transcripts from hearing conducted on March 3, 2006 where court denied plaintiff's motion to compel discovery that would lead to the identities of his witnesses that were on the Albion transport bus" (P-44).  These proposed exhibits relate to discovery disputes, and clearly do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence."  F.R.E. 401.  Therefore, these documents are irrelevant and thus inadmissible.

Additionally, Plaintiff lists as potential exhibits his Cumulative Adjustment Record (P-15), portions of his inmate account statement (P-16), and duty logs for August 5, 2003 to August 26, 2003 (P-31).  These proposed exhibits clearly do not have "any tendency to make the existence of any fact that is of consequence to the determination of

---

[1] The Court initially barred the testimony of inmate Anthony DeFranco as well, but then issued a Writ of Habeas Corpus Ad Testificandum as to DeFranco.  The Court noted that it would entertain renewed objections to DeFranco's testimony at a later date.

the action more probable or less probable than it would without the evidence." F.R.E. 401. Therefore, these documents are irrelevant and thus inadmissible.

Last, Plaintiff also lists as potential exhibits a number of documents relating to a lawsuit and/or grievances filed by inmate Anthony DeFranco against Sgt. Rhoades and Unit Manager Showers. These potential exhibits are: P-21, P-22, P-23, P-25, P-25, and P-26. These documents have no bearing on whether or not McConnell acted with retaliatory intent, and thus they are irrelevant to this matter and inadmissible. See F.R.E. 401, 402. Moreover, this evidence is inadmissible pursuant to F.R.E. 404(b). F.R.E. 404(b) is clear: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The only possible reason Plaintiff could have for wanting to admit these documents is to show that because Rhoades and Showers allegedly acted in a certain way in the past, they acted the same way in his case. This clearly falls within the scope of F.R.E. 404(b), as the exhibits would be offered as "evidence of other … acts" to "prove the character of a person in order to show action in conformity therewith." These documents are clearly inadmissible both because they are irrelevant and because of F.R.E. 404(b).

Any testimony related to or regarding these excludible documents should be excluded as well.

                    Respectfully submitted,

                    **Thomas W. Corbett, Jr.**,
                    Attorney General

          By:   /s/ Douglas B. Barbour
                  Douglas B. Barbour

Office of Attorney General         Deputy Attorney General
564 Forbes Avenue, Manor Complex   Attorney I.D. No. 94105
Pittsburgh, PA 15219

                                            Tracey Wilson
                                            Senior Deputy Attorney General
                                            Attorney I.D. No. 64350

                                            Susan J. Forney
                                            Chief Deputy Attorney General
                                            Chief, Litigation Section

Date: November 14, 2007

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the within **Brief in Support of Defendant's Motion in Limine** was electronically filed with the Court and served upon the following via first-class mail:

Ryan Kerwin
Kintoch Erie Community Correctional Facility
301 Erie Aveneue
Philadelphia, PA  19124

                                             /s/ Douglas B. Barbour
                                             Douglas B. Barbour
                                             Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: November 14, 2007