IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, )<br>)<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>LT. WILLIAM McCONNELL, )<br>)<br>    **Defendant.** ) | **Civil Action No. 05-0093E**<br><br><br><br>**Judge Sean J. McLaughlin**<br><br><br>Electronically Filed. |

### **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

AND NOW, comes the Defendant by his attorneys, Douglas B. Barbour, Deputy Attorney General, Tracey Wilson, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully request the following proposed jury instructions be used in addition to the Court's standard instructions:

### I.    RETALIATION

1. A proper retaliation claim must contain a showing of three factors by Mr. Kerwin: (1) that he was engaged in a constitutionally protected activity; (2) that he was subjected to adverse actions; and (3) that the protected activity was a substantial motivating factor in the defendant's decision to take the adverse actions. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

2. In order to show that the protected activity was a substantial motivating factor in the defendant's decision to take the adverse actions, proximity of time can be relevant, but *cannot* dispose of the issue. See Farrell v. Planters Lifesavers Co., 206 F.3d

271, 280 (3d Cir. 2000), *citing*, Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997

      3.      Once a plaintiff demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the actions taken by the defendant, the defendant is not liable if he proves that he would have made the same decision absent the protected conduct, for reasons reasonably related to a legitimate penological interest. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

## II. DAMAGES

      4.      If you find that any of the defendants have violated Mr. Kerwin's rights, then you may consider the issue of damages.

      5.      Simply because you are charged with respect to the damages, which are theoretically recoverable in any lawsuit, it does not imply that Mr. Kerwin is entitled to any damages or that you should find in his favor with respect to the liability of the defendant. If you find in your deliberations that the defendant is not liable to the Plaintiff, then you need not even consider the questions of damages.

      6.      The purpose of money damages for deprivation of civil rights is to compensate a person for harm caused by the deprivation. The amount of compensatory damages that may be awarded to Mr. Kerwin must be limited solely to the harm sustained as a direct result of the defendant's actions.

      7.      In a civil rights case such as the present one, you cannot award damages measured by your perception of the abstract importance or value of a constitutional right.

                                        Respectfully submitted,

                                        **Thomas W. Corbett, Jr.**,
                                        Attorney General

                        By:    /s/ Tracey A. Wilson
                              Tracey A. Wilson
Office of Attorney General           Senior Deputy Attorney General
564 Forbes Avenue, Manor Complex  Attorney I.D. No. 64350
Pittsburgh, PA  15219

                                      Douglas B. Barbour
                                      Deputy Attorney General
                                      Attorney I.D. No. 94105

                                      SUSAN J. FORNEY
                                      Chief Deputy Attorney General
                                      Chief Litigation Section

Date: November 21, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant's Proposed Jury Instructions** was electronically filed with the Court and served upon the following via first-class mail:

Ryan Kerwin
Erie CCC
137 W. 2nd Street
Erie, PA 16501

/s/ Tracey A. Wilson
Tracey A. Wilson
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: November 21, 2007