F I L E D

NOV 2 6 2007

CLERK ... DISTRICT COURT
... OF ... NSYLVA...

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN | ) CIVIL ACTION # 05-93 ERIE |
| Plaintiff | ) |
| | ) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER |
| | ) |
| LT. WILLIAM MCCONNELL | ) |
| Defendant | ) DISTRICT JUDGE SEAN MCLAUGHLIN |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

In paragraph 1 of the defendant's motion in limine he argues that the misconduct issued by Officer Rinella in this case (misconduct #A436723) is not relevant to this matter and then proceeds to reiterate this argument in paragraph 3 where he states that the court has already deemed any evidence in relation thereto irrelevant. Specifically, the defendant seeks to exclude exhibits P-10, P-11, P-12, P-13, P-14 and P-38.

While it is true that the court has already ruled that this evidence is not permitted to be introduced at the liability stage of trial, the court has made no such ruling as to the admissibility of this evidence at the damages stage of trial. This second subsequent misconduct and the punitive consequences resulting therefrom is a direct result of plaintiff having been placed on cell restriction for the original misconduct issued by the defendant, Lt. McConnell.

Without the misconduct issued by Lt. McConnell putting plaintiff on cell restriction, there is no second subsequent misconduct issued for supposedly breaking cell restriction nor any of the additional punitive measures in relation thereto. Thus, if it is determined at trial that Lt. McConnell did in fact issue the misconduct he filed against plaintiff in retaliation for filing both a lawsuit and grievance then he is financially responsible for any direct "<u>and</u>" subsequent damages arising from his unlawful conduct. As a result, all of the evidence surrounding the second subsequent misconduct and the punitive measures resulting therefrom is admissible evidence to be used at the damages stage of trial.

Next, the defendant attempts to try to convince the court that exhibits P-3 and P-4 are

strictly related to the occurences at S.C.I. Smithfield and that the court has already ruled these exhibits inadmissible at trial. This is entirely untrue, this court never made any such ruling.

These exhibits have absolutely nothing to do with the merits of the occurences at S.C.I. Smithfield. They merely prove the existence of the lawsuit the defendant retaliated against plaintiff for filing and the date the knowledge of the existence of the filing of the suit was made available to the defendant. The day after S.C.I. Albion received confirmation that plaintiff did in fact file the lawsuit he was warned about filing, defendant McConnell retaliated against plaintiff with a misconduct for filing a grievance concerning the threats that were made in an attempt to deter him from filing the suit. These essential, material facts are the entire basis on which this suit is premised and the exhibits in relation thereto are most certainly admissible evidence at trial.

As for the defendant's argument about exhibits P-8 and P-9, regardless of an ruling made by this court in relation to their admissiblity at the liability stage of trial, they are admissible during the damages stage of trial for the same reasons as exhibits P-10 through 14 which have already been addressed at the outset of this brief.

The defendant next attempts to exclude exhibits P-21, P-22, P-23, P-24, P-25 and P-26 which are in fact essential peices of impeachment evidence to be used against defense witnesses Rod Showers and Sgt. Rhoades. The basis of his argument is that this evidence is inadmissible under F.R.E. 402 and 404(b) because it is only being used to demonstrate conformity with prior bad acts on the part of these witnesses. This argument is, however, inapplicable.

First of all, exhibits P-21 and P-22 merely prove that Showers was in fact an employee of S.C.I. Smithfield in June of 1994. This evidence substantiates Showers statement to plaintiff (which is material to the truth of the statements made in plaintiffs grievance) that "He was a former employee of S.C.I. Smithfield who knew Sue Hannah and already heard about the lawsuit plaintiff was preparing to file against Smithfield."

As for exhibits P-23, P-24, P-25 and P-26, it is entirely admisible impeachment evidence to be used against defense witnesses Showers and Rhoades and it is not being introduced merely to demonstrate any type of conformity with these witnesses prior bad acts. (Of note is that

the evience to be used against Sgt. Rhoades is not a prior bad act but a subsequent bad act.) This evidence is being properly introduced under F.R.E. 404(b) which allows a party to introduce this type of evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Under this rule, this evidence is clearly admissible to be used during trial.

Next at issue, is the defendants argument that exhibits P-30 and P-44 are not relevant because they relate to discovery disputes. However, plaintiff has absolutely no intention on using them to address any type of discovery dispute in this case. Plaintiff merely wishes to use them to prove to the jury that he made every effort possible to uncover the identities of the prisoner witnesses who were on the transport bus from Smithfield to Albion and that had such information been provided to him he would have sought to produce the testimony of these witnesses at trial.

Since the testimony of these witnesses would have been essential to plaintiff's case and since the jury will question the reason plaintiff did not produce these witnesses at trial these exhibits should be deemed admissible to prevent any unfair prejudice plaintiff may suffer if the jury concludes that the reason plaintiff has not produced these witnesses is because their testimony is not favorable to his cause.

As for exhibit P-31, which is in fact photocopies of S.C.I. Albion's employee work timesheets, is not irrelevant to plaintiff's case at trial. This evidence is needed to refute defendant McConnell's claim that the reason he issued plaintiff the misconduct 3 weeks after his investigation, and exactly one day after finding out about plaintiff's lawsuit, is because of conflicting work schedules between him and the transport officers and not because it was the very next day after finding out about the lawsuit plaintiff filed.

Exhibit P-16 is relevant to the second subsequent misconduct issued by Officer Rinella and is admissible at the damages stage of trial for the same reasons as exhibits P-10 through 14 and P-38 which has already been fully addressed in this brief.

Exhibit P-15, which is plaintiff's cumulative adjustment record from July of 2003, is admissible to show that plaintiff suffered other retaliatory acts on very time relevant dates prior to defendant McConnell retaliating against plaintiff and is essential evidence needed to provide the

chronology of events plaintiff is required to show in order to infer a retaliatory animus on the part of the defendant. Furthermore, plaintiff does not argue that there is any truth to the statements contained in this exhibit, rather, he would argue the complete opposite. Therefore, the defendant's assertion that this evidence raises a hearsay issue is meritless.

Last, and for all of the statements previously addressed herein, no testimony regarding any of these exhibits should be excluded either.

WHEREFORE, plaintiff respectfuly requests that this honorable court deny the defendant's motion in limine and allow plaintiff to present all of the previously mentioned evidence and exhibits at trial.

Respectfully submitted,

Date: 11/19/07

Ryan Kerwin
DZ0246
Kintoch
301 East Erie Avenue
Philadelphia, PA. 19134

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN,<br>    Plaintiff | ) CIVIL ACTION # 05-93 ERIE<br>)<br>) |
| VS. | ) MAGISTRATE JUDGE SUSAN BAXTER<br>) |
| LT. WILLIAM MCCONNELL,<br>    Defendant | )<br>) DISTRICT JUDGE SEAN MCLAUGHLIN |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached Brief in Opposoition to the Defendnat's Motion in Limine was served upon the following party via the U.S. Postal service and via electronic filing:

DOUGLAS BARBOUR
~~Mariah Passarelli~~
Office of the Attorney General
564 Forbes Ave.
Pittsburgh, PA. 15219

Respectfully submitted,

Date: 11/19/07

Ryan Kerwin
DZ0246
Kintoch
301 East Erie Avenue
Philadelphia, PA. 19134